## PERKINS v. WINDHAM.

1. The act of 1806, makes a legatee a competent witness to establish a will by declaring his legacy to be void.
2. A devise to a parent for life, and afterwards to his or her children, is not avoided as it respects the parent, by the children proving the will as subscribing witnesses; though the latter cannot claim their residuary interest under the will.

Writ of Error to the Orphans Court of Pickens.

The defendant in error propounded for probate, to the Orphans Court, a paper purporting to be the last will and testament of Rachel Windham, deceased; in which he is designated an executor. This paper was admitted to probate upon the evidence of Hugh Windham, Nicholas L. Windham and

John M. Massingill, although it appeared that they were grand-children of the testatrix ; and to the father of the two first, and the mother of the latter, were divised real and personal estate of great value, to be enjoyed by the devisees during life, and thereafter to be divided equally between their children. The contestant objected to the competency of the witnesses to the will, and his objection was overruled and is duly certified by bill of exceptions.

PECK & CLARK, for the plaintiff in error. The witnesses to the will were all interested in its establishment; for thereby the share of the father of two and the mother of one in the estate would be increased, and they eventually benefitted. [7 Com. Law. Rep. 199; 7 Cow. Rep. 64; 1 Mass. Rep. 238-9.]

J. B. CLARK, for the defendant, cited Aik. Dig. Tit. Wills, §8; 3 Starkie's Ev. 1690-1, and note; 1 Johns. Cases, 163; 4 Johns. Rep. 311. Conceding that the witnesses have a direct interest in establishing the will, and yet the statute expressly makes them competent, and declares that they shall forfeit all interest under the will.

COLLIER, C. J.—Assuming that the interest of the attesting witnesses is, under the will, so direct as to render them incompetent, according to the rules of the common law, we will inquire what influence the statute exerts on their competency. The act of 1806 enacts, that " If any person shall be a subscribing witness to a will, wherein any devise or bequest is made to such subscribing witness, and the will cannot be otherwise proved, the devise or bequest to such witness shall be void, and he or she compellable to appear and give testimony on the residue of the will, in like manner as if no devise or bequest had been made. But if such witness would have been entitled to any share of the testator's estate, in case the will was established, then so much of such share shall be saved to such witness as shall not exceed the value of the said devise and bequest made to him or her in the said will." [Aik. Dig. 449.] So far as it is material to consider this enactment, it is substantially the same as the 25th Geo. 2, c. 6. That statute like our

own, expressly declares, that every devise or bequest to a person attesting the execution of a will, shall be utterly null and void; and such person shall be admitted as a witness to establish the same. The passage of that act was induced by the doubts which were entertained, whether the competency of such an interested person could be restored by a release, payment, or extinguishment of all his interest, so as to admit him to prove the execution of the will. Our statutes restores the competency of the attesting witness by extinguishing all interest which he would otherwise take under the will, whenever his testimony is necessary to establish it.

The meaning of the words, "give testimony on the residue of the will," is, that the evidence of the witness shall be competent to prove its execution so far as he is not a beneficiary of the testator's bounty. In the case before us, neither of the witnesses take an interest to vest in possession immediately upon the testator's death; but its enjoyment is postponed until the death of their respective parents, who are devisees and legatees. This will confers upon them an interest *in præsenti*, to be enjoyed *in futuro;* and its forfeiture by the statute cannot affect the interests of those whom the witnesses are to succeed.

The record sufficiently establishes the examination of the attesting witnesses, to prevent them from coming in for a share in the remainder, after the death of their parents—the statute which has been cited, divests them of all interest *under the will;* and as a necessary consequence the order of the Orphans Court is affirmed.