[Kumpe and Wife v. Coons.]

# Kumpe and Wife *v.* Coons.

*Bill in Equity to set aside Probate of Will.*

1. *When remainder is vested.*—Under a devise of lands to a married woman for life, "and after her death to her children then living," the children take a vested remainder, as distinguished from one that is contingent.

2. *Competency of devisees and legatees as attesting witnesses to will, under act of 1806, and Code of 1852.*—The act of 1806, relating to the attestation of wills, and devises or bequests to subscribing witnesses thereto (Clay's Digest, 596, §§ 1-8), was a substantial re-enactment of the English statutes (29 Car. 2, and 25 Geo. 2); and the latter statute, declaring a legatee or devisee competent as an attesting witness, but avoiding his legacy or devise, was carried into the Code of 1852 (§ 1608).

3. *Same; under act of February 14, 1867, and Revised Code.*—This section of the Code of 1852 (§ 1608) was expressly repealed by the act approved February 14, 1867 (Sess. Acts 1866-7, p. 455), and was therefore omitted from the Revised Code of 1867. But this repeal and omission did not revive the common-law rule as to the competency of legatees and devisees as attesting witnesses to wills: it was the effect and result of the general statute, of which the repealing section was a part, and which was intended as a revision of the whole subject of the competency of witnesses as affected by interest or connection with the suit or proceeding.

4. *Competency of witnesses as affected by interest; exception as to suits by or against executors or administrators.*—The great purpose of the said act of February 14, 1867 (Rev. Code, § 2704), was to enlarge the competency of witnesses, by removing interest or connection with the cause as a disqualification; and the only exception or exclusion made by the statute was as to transactions with, or statements by any deceased person, whose estate was interested in the result of the suit; the reason of the exclusion being, that there should not be admissibility, where there can not be mutuality. The present statute (Code, § 3058) is a continuation of the same policy.

5. *Application for probate of will; nature of proceeding.*—An application for the probate of a will, in the Probate Court, is a proceeding *in rem*, the purpose of which is to establish the *status* of the estate; and it does not assume the form or character of a suit *inter partes*, until the heirs or distributees intervene as parties.

6. *Contest of probate of will in equity.*—If the application for probate is not contested in the Probate Court, but the heirs or distributees afterwards seek to set aside the probate by bill in equity (Code, § 2336), which is a statutory substitute for probate in solemn form, the character of the proceeding is not changed so far as the estate is concerned, though it is an adversary suit between the parties claiming under and against the will.

7. *Competency of legatee or devisee as attesting witness to will.*—It results from the principles above stated, that under the Code of 1867 (§ 2704), and under the present Code (§ 3058), a legatee or devisee may be an attesting witness to the will, and may testify to its execution in any suit or proceeding in which it may be involved.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 11th day of December, 1878, by the heirs-at-law of Samuel W. Coons, deceased,

[Kumpe and Wife v. Coons.]

being his surviving brothers and sisters, and the children of
those who were dead, against Mrs. Mildred Kumpe (formerly
Barclay) and her husband, and also against her children by
her former husband; Mrs. Kumpe (then Mildred Barclay)
being the executrix of the last will and testament of said
Samuel W. Coons, and she and her said children, with sev-
eral other persons (who were also made defendants to the
bill), being legatees and devisees under said will. The ob-
ject of the bill was to set aside the probate of said will, which
had been granted by the Probate Court of said county on
the 28th January, 1878. The testator died on the 20th De-
cember, 1877, and his will was admitted to probate without
any contest. The will was dated the 26th April, 1877, and
contained the following provisions: The first clause be-
queathed to Mrs. Clarissa H. Toney, the mother of his de-
ceased wife, "a comfortable support during her life, suitable
to her condition in life," and specially charged it on the
lands on which he resided, and which had been devised to
him by his deceased wife; and the other clauses were in
these words: "2. Subject to said charge for the support of
my said mother-in-law, I devise said lands to Mildred A.
Barclay, during her natural life. 3. I charge the reversion
of said lands, after the death of said Mildred A. Barclay,
with the payment of three thousand dollars, with interest
from my death, payable at the death of the said Mildred A.
Barclay, to my personal representatives, for the benefit of my
estate, or the legatees or devisees thereof. 4. Subject to the
said charge for the payment of three thousand dollars, with
interest from my death, and payable at the death of the said
Mildred A. Barclay, I devise the said lands. after her death,
to the children of the said Mildred A. Barclay then living,
and the descendants of any deceased child or children; such
descendants representing such deceased child or children,
and taking the share or shares which such deceased child or
children would take, if any." The attesting witnesses to this
will were Alma Barclay and Nina Barclay, who were the chil-
dren of Mrs. Mildred A. Barclay, therein named; and the
will was admitted to probate on their testimony as attesting
witnesses. The bill charged that the will was not valid, and
was not legally executed, and ought not to have been admit-
ted to probate, because the attesting witnesses, being devi-
sees under it, were not competent to attest it as witnesses,
nor competent to prove it; and the complainants therefore
prayed that the probate might be set aside, and the dece-
dent's estate be administered and settled as in case of in-
testacy.

The defendants jointly demurred to the bill, and assigned

(29)

[Kumpe and Wife v. Coons.]

the following causes or grounds of demurrer : "1. Complainants admit, in and by their said bill, the due execution and publication of said will, except for the incompetency of the attesting witnesses because of interest; while the copy of said will, made a part of said bill as an exhibit, shows that they are not legatees or devisees under it. 2. Complainants admit, in said bill, the due execution, publication, and probate of said will, except as to the competency of the attesting witnesses to prove it because of interest, and it does not allege that they were parties to the proceeding to probate it. 3. The bill does not show that the attesting witnesses had any direct, certain, or vested interest under the will. 4. The bill shows that the attesting witnesses have no direct, certain, or vested interest under the will." The chancellor overruled the demurrer, and his decree in that behalf is now assigned as error.

CABANISS & WARD, for the appellants.—1. Independent of statutory provisions, the attesting witnesses would be competent under the rules of the common law. They are the children of Mrs. Kumpe (formerly Barclay), but not children living at her death, and may never be such. The devise to them is a contingent remainder of the fourth class—where the persons to whom it is limited are not ascertained, or not in being.—1 Bla. Com., book 2, ch. 11 ; *Williamson v. Mason*, 23 Ala. 488, 503 ; *Elmore v. Mustin*, 28 Ala. 309. At common law, a remote, contingent, or uncertain interest, did not disqualify a witness.—1 Greenl. Ev. § 408 ; *Poe v. Dorrah*, 20 Ala. 288 ; *Melvin v. Melvin*, 6 Maryland, 541.

2. Prior to the act of 1806 (Clay's Digest, 596, § 1), a legatee was competent to attest the will : he did not become interested until the death of the testator, and then, on releasing his legacy, he might prove the will.—*Shaffer's Lessee v. Corbitt*, 3 H. & McH. 532 ; *Wyndham v. Chetwynd*, 1 Burr. 417. Under that statute, a legatee or devisee was competent as an attesting witness, but his legacy or devise was declared void ; and this provision was carried into the Code of 1852 (§ 1608), and continued of force until expressly repealed by the act approved February 14, 1867, which also repealed all other sections relating to the competency of witnesses in particular cases. This change in the law left the attesting legatee or devisee competent to prove the will, without forfeiting his interest under the will ; and it was so held in the case of *O'Neal v. Reynolds*, 42 Ala. 197. This statute is embodied in the Code of 1876 (§ 3058), with this construction noted. This amounts to a legislative adoption of that construction ; and on principles of public policy it should be

[Kumpe and Wife v. Coons ]

upheld and sustained.—*Hardigree v. Mitchum*, 51 Ala. 151;
*Ohio Life Insurance Co. v. Debolt*, 16 Howard, 432 ; *Guelpcke
v. Dubuque*, 1 Wall. 175 ; *Havemeyer v. Iowa City*, 3 Wall. 294;
*Thompson v. Lee County*, 3 Wall. 327 ; *Mitchell v. Burlington*,
4 Wall. 270 ; *Olcott v. Supervisors*, 16 Wall. 678 ; 1 Kent, 476;
55 N. Y. 521.

3. The case of *O'Neal v. Reynolds, supra*, is not inconsist-
ent with *Stallings v. Hinson*, 49 Ala. 92, nor with any of the
subsequent decisions of this court. The two are reconcila-
ble. The probate of a will is not a suit for or against the
estate, but a contest as to the disposition of it. The estate
is equally whole and intact, whether the heir or the legatee
gets it. The assets of the estate can be neither increased
nor diminished by the result of the contest or proceeding.
It is not a contest by or against the estate, but between the
claimants to it; not between a living person and a decedent's
estate, but between living persons.—*Shailer v. Bumstead*,
99 Mass. 112, 130 ; *Garvin v. Williams*, 50 Mo. 212 ; 26 N. Y.
277 ; *Booth's Executor v. Vanarsdale*, 9 Bush, Ky. 717 ; *Mil-
ton v. Hunter*, 13 Bush, Ky. 163 ; *Freeman v. Spalding*, 2 Ker-
nan, 372 ; *Sawyer v. Smith*, 8 Mich. 411.

4. The amendment of the act of 1867, by the act approved
March 2, 1875, as carried into the Code of 1876 (§ 3058), can
not affect the case. It does not enlarge the class of excluded
witnesses, but extends the restraint upon the excluded class.
Each statute abolishes incompetency generally, but with an
exception ; and each exception excludes the same class, spec-
ifying who shall be excluded, when they shall be excluded,
and from what they shall be excluded. The only change is,
not as to whom, but as to when, and from what the exclusion
shall apply.

D. P. LEWIS, *contra*.—1. The witnesses to the will take a
vested remainder in the lands devised to Mrs. Barclay for
life.—4 Kent, 202, and authorities cited.

2. A party in interest, though not a party to the record, is
within the spirit and meaning of the exception to the statute
(Code, § 3058), and incompetent to testify to any transaction
with, or statement by any deceased person, whose estate is
interested in the result of such suit. The exception has
been applied to a great variety of cases—to donees of prop-
erty from the decedent; to creditors of the estate; to the
assignors of claims against the estate ; to debtors of the
estate ; to indemnitors of debtors ; to heirs and distributees
of the estate ; and whenever the purpose of the testimony is
to diminish the rights of the decedent, or of those claiming
in succession to him, or to increase the distributive interest

[Kumpe and Wife v. Coons.]

of the witness in the estate.—*McLemore v. Nuckolls*, 37 Ala. 662; *Kirksey v. Kirksey*, 41 Ala. 626; *Stuckey v. Bellah*, 41 Ala. 700; *Waldman v. Crommelin*, 46 Ala. 580; *Stallings v. Hinson*, 49 Ala. 92; *Lewis v. Easton*, 50 Ala. 471; *Key v. Jones*, 52 Ala. 238; *Drew v. Simmons*, 58 Ala. 463; *McCravey v. Rash*, 60 Ala. 374.

3. The exception is in the nature of a statute against frauds and perjuries. It excludes a witness whose testimony relates to transactions with, or declarations of a deceased person, against whose estate the witness asserts a claim.— *Stuckey v. Bellah*, 41 Ala. 706; 13 Ohio, 525; 27 Vermont, 628; 9 Gray, 440; 11 Gray, 130; 2 Allen, 328; 64 Barbour, 189; 39 Barbour, 516.

4. The common law declares that a witness can not prove a will, when he derives a legacy under it, either for himself, or for his wife.—2 Redfield on Wills, §§ 3, 4; 1 Ib. 256–7, ed. 1869; 2 Stra. 253; *Walker v. Walker*, 34 Ala. 469. The law neither permits the heir to defeat, by his testimony, a will which divests him of his ancestor's estate; nor a devisee to establish, by his own testimony, a will which gives the property to him.—64 Barbour, 189.

5. Under the decisions of this court, the subscribing witnesses are permitted to sign the testator's name to the will for him.—29 Ala. 539; 36 Ala. 496; 35 Ala. 687. If by their own testimony they may also establish the will, unscrupulous persons may possess themselves of estates, to the disinheritance of heirs and distributees.

6. The estate "is interested in the result," whenever the assets in the hands of the legal representative, executor or administrator, heir or devisee, are increased or diminished; or when the amount to be derived by the witness, or by his wife, is increased by his testimony. The statute is designed to protect the property and assets of decedents' estates, in whose hands soever it may be by law devolved.

BRICKELL, C. J.—The gift over to the *then living children* of Mrs. Barclay, on the termination of her estate for life, is a vested, as distinguished from a contingent remainder. "It is," says Ch. KENT, "the present *capacity* of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder." The death of Mrs. Barclay could happen, before the death of any of her children; and if it did, the gift in remainder would immediately vest in possession.—4 Kent, 232. Her children, consequently, have a direct, immediate interest in any suit or controversy,

[Kumpe and Wife v. Coons.]

involving the validity of the will; and, according to the rules of the common law, would be incompetent witnesses in such suit or controversy.

The English statute of wills, 29th Car. 2, required that wills of real estate should be attested by three or four credible witnesses. The term *credible* was held to mean *competent;* and it was construed that the witness must be *competent* at the time of the attestation. If not then *competent,* the attestation was a nullity, and by no machinery, either of release or assignment, could the witness render himself *competent.* It was the policy of the common law, as far as possible, to remove from witnesses all temptation to bias or perjury. It was inconsistent with this policy to allow a will to be established or supported by the testimony of persons taking benefits under it. A will, written or prepared by a legatee or devisee, was, and is, regarded with jealousy, not to say suspicion. Attesting witnesses, it was said, were called around the testator, to ascertain and testify to his sanity, to guard him from fraud, imposition, or undue influence. Therefore, the common law, if there were not, without the devisee or legatee attesting the execution of the will, a sufficient number of subscribing witnesses without interest and competent, sacrificed, not the gift or devise to the attesting witness, but the whole will: there was no gift or devise, which could disappoint the heir-at-law of his inheritance, or the next of kin of the shares which the statute of distributions appointed them to take. Inconvenience resulted from the holding of wills of freeholds to be invalid because of the interest of a subscribing witness. Legislation intervened, and the statute of 25 Geo. 2 was passed, which deprived the devisee or legatee of his interest or benefit under the will; and by the deprivation, removing temptations to fraud or perjury, springing from interest, rendered him a competent attesting witness.

The statutes of 29 Car. 2, and 25 Geo. 2, were substantially re-enacted here in 1806.—Clay's Digest, 596, §§ 1-8. The effect of the statute was, that a devisee or legatee, who was an attesting witness, was competent to prove its execution, so far as he was not a beneficiary of the testator's bounty. *Perkins v. Windham,* 4 Ala. 634. These statutes were carried into the Code of 1852; and that which, by declaring the gift to him void, rendered competent a devisee or legatee who was a subscribing witness, formed section 1608 of that Code.

For many years, there was a tendency in our legislation to enlarge the competency of witnesses, and to remove interest in the event of a cause, as a disqualification. Statutes were enacted, which rendered the plaintiff, in certain

actions, not involving more than a specified amount, a competent witness, unless the defendant on oath controverted his evidence. The Code of 1852 removed infamy arising from a conviction of crime (other than perjury or subornation of perjury), as a disqualification; and also interest in the event of a suit, or a liability for costs, unless the verdict and judgment would have been evidence for the witness in another suit.—Code of 1852, § 2302. This was followed by the act of February 14, 1867, which provided that, " in suits and proceedings before any court or officer in this State, other than criminal cases, there shall be no exclusion of any witness, because he is a party, or interested in the issue tried; except that, in suits or proceedings by or against executors or administrators (as to which a different rule is not made by the laws of this State), neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator, or intestate, unless called to testify thereto by the opposite party." This act repealed, by reference, numerous statutes rendering parties and witnesses having an interest competent, and among others section 1608 of the Code of 1852, relating to devisees or legatees who were attesting or subscribing witnesses.—Acts of 1866-7, 435. It was embodied in the Revised Code, and remained of force until superseded by the act of March 2, 1875, which now forms section 3058 of the Code of 1876, and reads : " In suits and proceedings before any court or officer, other than criminal cases, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that neither party shall be allowed to testify against the other, as to any transaction with, or statement by, any deceased person whose estate is interested in the result of such suit, or when such deceased person, at the time of such statement or transaction, acted in any representative or fiduciary relation whatsoever, to the party against whom such testimony is sought to be introduced."

These statutes were intended as a revision of the whole subject of the competency of witnesses because of interest, or because of their relation to the suit or proceeding, and to substitute the rule prescribed by them, not only for the rules of the common law, but for the provisions of the former statutes which are expressly repealed by the act of 1867. The great purpose being to enlarge the competency of witnesses, to remove interest, or relation to the suit or proceeding, as a disqualification, it cannot be supposed that, by repealing the statute which rendered devisees or legatees competent attesting witnesses of a will, it was intended as to them the common law should be revived, and their exclusion

and the sacrifice of the whole will accomplished. That statute was repealed, because, without a deprivation of the gift to them, they were rendered competent witnesses. by the general words of the new enactment, with which it was inconsistent. There is by the new statutes a removal of all the disabilities of parties, or privies, or of others, because of interest, or because of the use which may be subsequently made of the verdict or judgment. There is an exclusion only of evidence of a particular character—*of transactions with, or statements by, any deceased person, whose estate is interested in the result of the suit.* The reason of the exception of evidence of this character, it has often been said, is, " that when there is no mutuality, there should not be admissibility—*i. e.*, when the lips of one party to a contract are closed by death, then the other party should not be heard as a witness."—1 Whart. Ev. § 463.

An original proceeding in the Court of Probate, for the probate of a will, is a proceeding *in rem.* The purpose is to ascertain the *status* of the estate of the decedent, and the condition in which he died, whether testate or intestate. It does not assume the form, and is not a suit *inter partes*, until the heirs or distributees intervene in the mode prescribed by the statute.—*Allen v. Prater*, 35 Ala. 169; *Clemens v. Patterson*, 38 Ala. 721; *Leslie v. Sims*, 39 Ala. 161. The character of the suit is not changed, if there is no contest in the Court of Probate, and the heir-at-law, or next of kin, resort to the statutory remedy by bill in chancery. That remedy stands in the place of, and is the substitute for proof of the will in solemn form, as practiced in the ecclesiastical courts; or, if the will is of real estate, the action of ejectment at common law.—*Johnston v. Glasscock*, 2 Ala. 236. In either proceeding—the contest in the Court of Probate, or by bill in a court of equity—the parties claiming under the will are in fact the *actors*, bound to support it affirmatively, while the heir, or next of kin, is in the relation of a defendant.—*Johnston v. Glasscock, supra.* In either court, the controversy is between living parties. The *estate of the testator* is not *interested.* The interests of those claiming to succeed to it, either by operation of law, or by operation of the instrument propounded as a will, are alone involved. The estate remains intact, undiminished, whatever may be the result of the controversy, and the subject-matter of investigation is not a *transaction with, or statement by the decedent*, but an act of his in its nature ambulatory and revocable, taking effect only by his death.—*Shailer v. Bumstead*, 99 Mass. 130; *Jones v. Larrabee*, 47 Me. 474; *Sawyer v. Smith*, 8 Mich. 411. Upon all questions involved, the parties are competent witnesses—

competent as attesting witnesses, though devisees or legatees—competent to prove any fact which may be involved in the real issue, whether there is a will or not.— *Garvin v. Williams*, 50 Mo. 206. Such is the policy and purpose of the statutes, which are remedial, and must be so construed that this policy is accomplished.— *O'Neal v. Reynolds*, 42 Ala. 197.

The sole question involved in the demurrer is the competency of the devisees in remainder, as attesting witnesses. We are of the opinion they were competent. The decree overruling the demurrer must, therefore, be reversed, and the cause remanded.

