# Snider *v.* Burks.

## *Contest of Probate of Will.*

1. *Wills; probate; death of subscribing witnesses; secondary evidence.* Two of three subscribing witnesses to a will being shown to be dead, the signatures of the deceased witnesses may be proved by persons who knew their hand-writing.

2. *Wills; evidence; proof of handwriting.*—For the purpose of determining the genuineness of the signature of a deceased witness to a will, it is improper to exhibit to a witness papers not in evidence in the case, purporting to be signed by the deceased witness, for comparison with the attesting signature on the will.

3. *Wills; evidence; probate of will; competency of devisee to prove execution; Code of 1886, § 2765.*—On the contested probate of a will, the proponent, who is a party and interested as a legatee, is a competent witness under the statute (Code of 1886, § 2765), to prove the execution of the paper; and this, although the proponent be the sole devisee under the will.

4. *Wills; probate; proof of execution; evidence.*—On contested probate of a will, the question being the execution thereof by deceased, evidence that deceased was a person of reticent habits; that he owed debts to a larger amount than stated in the will, a note and mortgage held against deceased, and evidence as to money of deceased's estate claimed by proponent of will, and which had come into hands of witness, should all be excluded as irrelevant.

5. *Will; validity of; partiality of testator.*—A will, in other respects valid, is not affected by any mere partiality, caprice, or unequal distribution of property by the testator, or by his failure to provide for the payment of his debts.

6. *Wills; probate of; sufficiency of evidence.*—The amount of proof as to the proper execution of a will, in the particulars required by statute, need only be such as is reasonably sufficient to satisfy the minds of the jury as to such fact.

7. *Wills; probate of; due execution; charge.*—On the contested probate of a will, a charge to the jury that if they believe from the circumstances that the will was executed, signed by the testator, and sub-

[Snider v. Burks.]

scribed by two witnesses then they may find that the will was duly executed, is defective in omitting to state that the witnesses must have signed in the presence of the testator.

8. *Wills; probate of; execution in duplicate; loss of copy; presumption.* It appearing on the contested probate of a will, that the testator executed the will in duplicate, keeping one copy, and giving the other to his wife, and it does not appear what the wife did with her copy, and it is not shown that the wife's copy ever went back into the possession of the testator, the inference is that the will sought to be probated is the copy retained by the testator; and no presumption of a revocation based upon the fact that he destroyed the copy retained by him can arise.

9. *Argumentative charge.*—Argumentative charges should never be given, although either the giving or the refusal of such instructions may not be a reversal error.

10. The case of *Kumpe v. Coons*, 63 Ala. 448, affirmed.

APPEAL from Russell Probate Court.

Heard before Hon. E. HERNDON GLENN.

Appellant, Mrs. Ida C. Snider, contested the probate of a paper purporting to be the last will and testament of her brother, H. L. Tillman, deceased, offered by appellee Mrs. Rosa F. Burks, widow of said Tillman on three grounds: 1. That Tillman was of unsound mind and incapable of making a valid will; 2. That fraud and undue influence was exercised over said Tillman in making said paper; 3. That the said paper was not duly executed by said Tillman.

The nature of the evidence to which objection was made appears in the opinion.

The court at the instance of proponent, Mrs. Burks, gave the three following charges, to each of which contestant separately excepted.

1. "That although the law requires a will to be executed in the presence of at least two witnesses, who must subscribe the same in the presence of the testator, yet it by no means follows that the testimony of these witnesses is the only evidence by which the due execution of the will can be established. The jury may look to all the circumstances as shown by the evidence, and if they believe from the circumstances that the will was executed, signed by the testator and subscribed by two witnesses then they may find that the will was duly executed."

2. "If the jury believe from the evidence that H. L. Tillman at the time of the execution of the will propounded if he did execute it, was not influenced by fraud or the exercise of any undue influence, and said testator was of sound and disposing mind and memory at the time of said execution, then no partiality, pride, caprice, or unequal distribution of

[Snider v. Burks.]

his property, or his failure to provide payment of his debts, if there be such, could be regarded by them in any manner to set aside or vitiate said instrument."

3. "It is necessary to the proper execution of a will in this state that it should be signed by two witnesses in the presence of the testator, but that it is not necessary that further proof of that fact be made than is sufficient to satisfy the minds of the jury as to the fact. And the jury in determining the fact as to such signing may look at all the facts and circumstances in evidence before them, including the proof of the signatures to determine that fact."

The contestant requested the court to give each of the following charges, which the court refused to do.

1. In determining whether H. L. Tillman was indebted to W. L. Tillman in the sum of a far greater amount than five hundred dollars ($500.00), they may look to the evidence of Berry Gibson and W. L. Tillman on that point, and if said witnesses swear to said indebtedness, and there is no evidence to the contrary, then they may find that said debt existed, and if it did exist at the date of the paper offered as a will, then it makes no difference whether it was paid afterwards or not."

2. "The jury may look at the fact in this case that the paper is so numerously signed by H. L. Tillman as a peculiar and unusual fact; in deciding whether or not it is genuine."

3. "If the jury find from the evidence that H. L. Tillman executed his will in duplicate, then if he destroyed one, the inference is he intended to revoke it; and if it could [not] be found after his death the presumption is he destroyed it."

The issue was found in favor of proponent and contestant appealed.

J. B. MITCHELL, and W. J. SAMFORD, for appellant. The court erred in giving charges requested by proponent. The court erred in permitting proponent to testify as to declarations of deceased. *Bibb v. Hunter*, 79 Ala.; 72 Ala. 504; 77 Ala. 526; 71 Ala. 105; 65 Ala. 299; 52 Ala. 247; 74 Ala. 218; 66 Ala. 102; *Kumpe v. Coons*, 63 Ala. 448, does not controvert this position. The court should have given charges requested by contestant.

L. W. MARTIN, *contra*.

SOMERVLLE, J.—The proceeding is one seeking the

probate of a will purporting to be executed by one H. L. Tillman, the validity of which was contested by the appellant. The main issue is as to the genuiness of the signature of the testator.

1. Two of the three subscribing witnesses, who attested the execution of the paper, were shown to be *dead.* When this is the case as also where such witnesses have become incompetent to testify, or are insane, or absent from the State, it is allowed to prove the paper by evidence of a secondary nature. This may be either by proving the attestation to be in the handwriting of the deceased witness; or by proving the testator's own signature by some person who is acquainted with it. *Foote v. Cobb*, 18 Ala. 585; *Cox v. Davis*, 17 Ala. 714; *Guice v. Thornton*, 76 Ala. 466. The court properly permitted the signatures of the attesting witnesses, Glenn and Wicker, both of whom were deceased, to be proved by persons who knew their hand-writing.

2. The court, also, properly refused to allow the contestant to exhibit' to a witness the signatures of *other papers,* purporting to have been made by the subscribing witness Wicker, not in evidence in the case, for the purpose of comparison with the alleged signature of Wicker to the will, and for the purpose of determining the genuiness of the latter. *Kirksey v. Kirksey,* 41 Ala. 626; *State v. Given*, 5 Ala. 747; 1 Greenl. Ev. § 581; 1 Whart. Ev; § 712.

3. The question is raised in this case as to whether, in a proceeding of this kind, the proponent of a will, who is a party and interested as a legatee, is a competent witness under the statute, to prove the execution of the paper. Code, 1886, § 2765; Code, 1876, § 3058. The case of *Kumpe v. Coons,* 63 Ala. 448, decided by this court in 1879, determines this question in the affirmative, holding that a legatee or devisee under a will, who was an attesting witness to the paper, was competent to testify to its execution in any suit or proceeding in which the validity of the paper as a will may be involved. It was said that the statute put under the ban of exclusion evidence only of a particular character; viz: transactions with, or statements by, any deceased person, *whose estate is interested in the result of the suit.* The controversy, which was one to determine the *status* of the estate of the decedent, and the condition in which he died—whether *testate* or *intestate*—was one between living parties, affecting only their interests and it was observed that in no proper sense was *the estate of the testator* interested in the result.

[Snider v. Burks.]

We are deeply sensible of the bad results that may flow from such a rule of evidence, but this is for legislative rather than judicial correction. We are disposed to adhere to the case of *Kumpe v. Coons* for the following reasons: (1) The section of the Code of 1876 (§ 3058), which was thus construed to authorize the admission of such witnesses as legally competent, was re-enacted as section 2765 of the Code of 1886, without change, and this was a legislative sanction of the judicial construction previously placed upon it. (2) A sufficient time has elapsed, being some nine years, since the decision was promulgated, to justify us in believing that it has been acted on by the legal profession, and others, and that wills have been drawn and attested under its authority, and titles by devise to some extent acquired under it, which ought not to be disturbed by its reversal, even if we doubted the soundness of the decision. (3) It is often more important that a rule of law should be fixed, even though with less of reason in it, than subject to the uncertainty of fluctuating judicial decisions. "Certainty," said Lord Hardwick, "is the mother of repose, and, therefore, the law aims at certainty."—*Sheddon v. Goodrich*, 8 Ves. 497; *Morton v. N. O. & Selma Railway Co.*, 79 Ala. 616.

The Probate Court committed no error in allowing Mrs. Burks, the proponent of the will, to testify as to the fact of its execution, although she was the sole devisee under its provisions.

4. The Probate Court erred in many of its rulings on the evidence in this case, for which we are compelled to reverse the judgment. It had no relevant bearing upon the issue in this case—which was the simple inquiry whether the paper in controversy was executed by H. L. Tillman, the decedent—that he was a person of *reticent habits* in his business; or that he *owed debts* to a larger amount than that stated in the alleged will. The latter fact, if true, rather tended to show that he neglected to pay or did not remember such other debts, or was not disposed to recognize them. The note and mortgage of January 15th, 1880, held by the witness W. L. Tillman against the testator should have been excluded; and also the statement as to how much money belonging to the decedent's estate had come into the witness' hands, and was claimed by the proponent; and so should the letter of May 31, 1883, written by this witness to the proponent on this subject, with all other evidence of a like kind bearing on these collateral points, which was too remote to shed any light on the issue on trial.

5.   The court correctly charged the jury that no mere par-
tiality, caprice, or unequal distribution of property by the
testator, or his failure to provide for the payment of his
debts, could be regarded by the jury as a reason for setting
aside or vitiating a will, in other respects valid.   The second
charge given at the instance of the proponent only asserted
this proposition in effect.

6.   The third charge was correct if we construe it to as-
sert that the measure of proof as to the proper execution of
a will, in the particulars required by the statute, need only
be such as is reasonably sufficient to satisfy the minds of
the jury as to such fact.   The first charge was defective in
omitting, as one of these requirements, that the attesting
witnesses should subscribe their names to the instrument in
the presence of the testator.—*Moore v. Spier*, 80 Ala. 130.

7.   The general rule is that where the will of a testator
is proved to have been *in the testator's possession*, and can
not afterwards be found, the *prima facie* presumption is that
it was destroyed by the testator before his death *animo revo-
candi*.   But this presumption may be rebutted by proper
legal evidence.—2 Greenl. Ev. § 688a.   But if the instru-
ment is shown to have been *out of his possession*, the party
asserting the fact of revocation "must show that it came
again into his custody, or was actually destroyed by his di-
rection."—2 Greenl. Ev., § 681.

8.   Where the will is executed *in duplicate*, as in this
case, a somewhat different rule obtains.   If, in such case, the
testator destroys *one* of the duplicates, and this is the *only
one* in his possession, an intent to revoke is to be presumed
—Mr. Greenleaf says, "is very strongly to be presumed;"
but he adds, "if he was possessed of *both* copies and *destroys
one*, it is weaker; and if he alters one, and then destroys it,
retaining the other entire, the presumption has been said
still to hold, though more faintly; but the contrary," he
adds, "has also been asserted."—2 Greenl. Ev., § 682.   We
take this to be a correct enunciation of these general prin-
ciples thus stated.   The proponent testified that the testator
executed his will in duplicate, and that he kept one copy
himself, and gave the other to her.   While it does not appear
what she did with the one given to her, it certainly is not
shown that it ever went back into the possession of the
testator.   There can, therefore, be no presumption of its re-
vocation by him, under this state of facts.   The fair infer-
ence from the evidence is that the will here sought to be

[Miller, Adm'r., v. Cannon & Co.]

probated was the one retained by the testator. As to this point the evidence may, on another trial, possibly be made more clear, or at least less equivocal.

The third charge requested by the contestant was, under this view of the case, misleading, and was properly refused.

9. The first and second charges were purely argumentative, and there was no error in the refusal of the court to give them. Charges of this character—asserting that the jury "may look to" this fact, or "may consider" that fact, or "are authorized to" infer certain formulated conclusions from the evidence, and especially from specified parts of it—have often been condemned by us as objectionable, and should never be given, although either the *giving*, or the *refusal* of such instructions may not be a reversal error. They are legitimate arguments to the jury, not announcements of legal principles proper to be in the forms of instructions by the court.

The judgment is reversed and the cause remanded.

STONE, C. J.—I participated in the decision of the case of *Kumpe v. Coons*, 63 Ala. 448, and think it right.