# Herstein *v.* Walker.

| 85 | 37 |
| 108 | 307 |

*Bill in Equity by Creditor, against Donee of Deceased Debtor.*

1. *Statute of non-claim as defense.*—When a creditor files a bill in equity to reach and subject property conveyed fraudulently or voluntarily by his deceased debtor, whose estate has been declared insolvent, the statute of non-claim is available as a defense to the grantee; and the claim is barred by the failure to present it to the personal representative within the time prescribed by law, although the bill is filed before the bar is complete.

2. *Same; conclusiveness of adjudged cases.*—This case is decided on the authority of *Halfman v. Ellison & Sons* (51 Ala. 543), to which the court adheres as a settled rule of property, under the doctrine of *stare decisis*, and because the statute construed in that case has been since re-adopted twice by legislative authority, without change.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 18th June, 1886, by Mrs. Rosa Herstein, as executrix of the will of her deceased husband, Robert Herstein, against L. P. Walker individually, and as executor of the will of his deceased mother, Mrs. Eliza D. Walker; and sought to subject certain real estate in Huntsville to the satisfaction of a debt which the complainant had paid as the personal representative of her husband, who was bound as surety for L. P. Walker, senior, the father of the defendant. L. P. Walker, senior, was the guardian of two infants, Mary and John R. Fulgham, by appointment of the Probate Court of Madison, and gave bond with said Robert Herstein as his surety. Said Walker died in August, 1884; and on the 10th November, 1884, bills in chancery were filed in the names of said infants against the complainant, to whom letters of administration on the estate of her deceased husband had been granted in October, 1878, to compel a settlement of said guardianship. In those suits, on the 31st May, 1886, decrees were rendered in favor of the respective complainants, for nearly $2,000 each; and Mrs. Herstein paid these decrees on the 8th June, 1886. The property sought to be subjected to sale in satisfaction of complainant's demand was bought by said Walker in December, 1869, and conveyed to him by deed in December,

[Herstein v. Walker.]

1870. On the 25th October, 1871, he indorsed on the deed these words, "*I give this property to my wife*," to which he signed his name, and delivered the deed to her. By his last will and testament, which was duly admitted to probate after his death, said Walker devised and bequeathed all his property to his wife. On the 24th March, 1885, Mrs. Walker filed a bill in equity against the administrator and only heir at law of her husband, seeking to establish a resulting trust in the property, on the ground that it was bought and paid for with her moneys; and she obtained a decree to that effect on the 26th May, 1885. Mrs. Walker died in November, 1885; and by her last will and testament, which was duly admitted to probate, devised the property to her son, the defendant in this suit, as residuary legatee and devisee, also appointing him executor. Walker's estate was declared insolvent on 5th June, 1886, as the bill alleged; and it was further alleged, "that the assets in the hands of said Walker's administrator are wholly insufficient to pay the debts of said estate, and that said property above described is the only property of said estate which is available to, and which can be reached for the satisfaction of complainant's said claims against said estate, and said property is justly liable to the satisfaction of her said claims."

An answer to the bill was filed by the defendant, setting up the decree in chancery in Mrs. Walker's favor as conclusively establishing her title to the property; but afterwards, on the 24th May, 1887, an amendment of the answer was allowed and filed, in which it was alleged that the complainant's demand was not filed as a claim against Walker's estate, within nine months after the declaration of insolvency, and this was pleaded in bar. The chancellor sustained this plea, and dismissed the bill; and his decree is here assigned as error.

WATTS & SON, with HUMES & SHEFFEY, for appellant. The complainant's demand did not accrue until the rendition and payment of the decrees.—*Stallworth v. Preslar*, 34 Ala. 505; *Preslar v. Stallworth*, 37 Ala. 402. The bill in this case was filed ten days after the payment of the decrees, and the claim was then a valid and subsisting debt; and the filing of the bill made it unnecessary to file the claim also in the Probate Court.—*McDougald v. Dawson*, 30 Ala. 553. If the complainant had sought to share in the assets of the insolvent estate, in the hands of the administrator for distribu-

[Herstein v. Walker.]

tion, she would have been required to file it in the Probate Court, as other claims were, within the statutory period. But her bill asserts no such right, seeking only to reach and subject property which had been fraudulently conveyed by the debtor while in life, and which was beyond the reach of the administrator.—*Roden v. Murphy*, 10 Ala. 804; *Pharis v. Leachman*, 20 Ala. 662; *Watts v. Gayle & Bower*, 20 Ala. 817; *State Bank v. Ellis*, 30 Ala. 478. The statute of non-claim does not run against claims which can not be made available in a court of law; as, where the creditor seeks only to foreclose a mortgage, or to enforce a vendor's lien, or a resulting trust.—*Duval v. McLosky*, 1 Ala. 738; *Inge v. Boardman*, 2 Ala. 331; *Locke v. Palmer*, 26 Ala. 312; *Flinn v. Barber*, 61 Ala. 530; *George v. George*, 67 Ala. 195. By the filing and service of her bill, the complainant acquired a specific lien on the property (*Dargan v. Waring*, 11 Ala. 988), and the statute of non-claim can not afterwards prevent its condemnation. In *Halfman v. Ellison*, 51 Ala. 543, the complainant's demand was already barred—was not a subsisting claim—when the bill was filed.

CABANISS & WARD, *contra*, cited *Halfman v. Ellison*, 51 Ala. 543; *Murdock v. Rousseau*, 32 Ala. 611; *Bell v. Andrews*, 34 Ala. 538; *Puryear v. Puryear*, 34 Ala. 555; *Sharp v. Sharp*, 35 Ala. 574; *Watson v. Rose*, 51 Ala. 292.

SOMERVILLE, J.—The bill is filed by the appellant, to subject to the payment of a debt due the estate of her testator, certain real estate in the city of Huntsville formerly belonging to the deceased debtor, L. P. Walker, and alleged to have been transferred by him, without any valuable consideration, to his wife, Mrs. Eliza Walker, and by her devised to the defendant, L. P. Walker, Jr. It is a bill by a creditor, in other words, to reach assets in the hands of a fraudulent donee of a deceased debtor, or, what is the same thing, a volunteer holding under such a donee.

The defense interposed is the insolvency of the donor, L. P. Walker, Sr.'s estate, and the failure of the complainant, as a creditor, to file the claim in suit against said estate within nine months after the declaration of insolvency, or after the accrual of the claim, as required by the statute, which declares all such claims not so filed to be forever barred.—Code, 1886, § 2238; Code, 1876, § 2568.

The chancellor overruled a demurrer to the plea of the

statute of non-claim, and held the plea to be a complete de-
fense to the suit; and the assignments of error are based on
this action of the court alone.

The precise question, upon which this case is made to
turn, arose in the case of *Halfman v. Ellison*, 51 Ala. 543,
decided by this court in the year 1874. It was there held,
that the theory of such a suit is, that a fraudulent donee is
to be deemed an executor *de son tort;* and that this being
the capacity in which he holds, he could interpose any de-
fense to the debt which the decedent in his life-time, or a
rightful representative, could do. It was held, after full con-
sideration, that the creditor had no such specific lien created
in his favor by the filing of his bill, as to confer on him any
such title or estate in the property fraudulently transferred
as would take his claim out of the operation of the statute
of non-claim, under the principle applicable to mortgagees,
vendors with a lien, and other analogous cases.—*Smith v.
Gilliam*, 80 Ala. 296. That case bears the marks of a patient
and thorough consideration. Two opinions were rendered
in it, by different judges; the last upon an application for
a rehearing, after holding the case under advisement until
another term. It is to be taken as a judicial interpretation
by this court of an important statute, which operates largely
upon titles to real property in this State. Thirteen years
have now elapsed since it was announced. The legal pro-
fession have, no doubt, given advice to clients upon the faith
of its being a proper construction of the statute. The Gen-
eral Assembly have since twice re-adopted it without amend-
ment, and titles to property have probably been acquired
under the rule thus established. It must be to cases of this
kind, if to any, that the rule of *stare decisis* must be held
to apply. Said Lord MANSFIELD, more than a hundred years
ago: "When solemn determinations, acquiesced under, have
settled precise cases and a rule of property, they ought for
the sake of certainty to be observed, as if they had originally
formed a part of the text of the statute."—*Wyndham v. Chet-
wynd*, 1 Burr. 419. "It is by the notoriety and stability of
such rules," observes Chancellor KENT, "that professional
men can give safe advice to those who consult them, and the
people generally can venture with confidence to buy and
trust, and to deal with each other. If judicial decisions were
to be lightly disregarded, we should disturb and unsettle the
great landmarks of property."—1 Kent's Com. 475. This
principle can not be ignored by this, or any other court, hav-

[Glover v. Hill.]

ing a conservative regard for established legal precedents; and it has been often recognized.—*Bennett v. Bennett*, 34 Ala. 53; *Gee v. Williamson*, 1 Port. 313; s. o., 27 Amer. Dec. 628, and *Note*, p. 631. And it receives special emphasis where the statute construed has been re-adopted without change by the law-making power, this being regarded as a legislative sanction of such construction.—*E. T., Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150; 3 Brick. Dig. 749, § 16.

We have carefully examined the able and elaborate argument of appellant's counsel, in which they contend for the principle, that the statute of non-claim is not applicable to claims of this kind, sought to be enforced against property transferred by the debtor to fraudulent grantees or donees— a contention directly in conflict with the principle settled in *Halfman v. Ellison*, 51 Ala. 543, *supra*, and upon which that case was decided. We are not unmindful of the force of these arguments, but, for the reasons stated above, we adhere to that decision as an established rule of property, now having prevailed for over thirteen years.

The record raises no other question, and we, therefore, decline to consider the other question argued.

The decree of the chancellor, overruling the demurrer of the complainant to the defendant's plea of the statute of non-claim, is free from error, and is affirmed.

