## Barrett v. Brownlee.

*Ejectment.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 467.)

1. *Execution; Form; Requisites.*—An execution reciting that "you cause to be made the sum of $100.00 judgment * * * which —— recovered of him on April 7, 1890, etc.," failing to show in whose favor it was issued, was void.

2. *Courts; Stare Decisis.*—A decision that an execution not showing in whose favor it was issued which has stood undisturbed for more than twenty-five years will not be overruled, though criticised; the rule of stare decisis applying.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Ejectment by William F. Barrett against Bannister Brownlee. Judgment for defendant, and plaintiff appeals. Affirmed.

Plaintiff introduced final certificate of entry from United States to Benjamin Brownlee, including the lands sued for, and patent from the government to Benjamin Brownlee to the same land. Plaintiff further introduced the transcript of a cause determined in the circuit court of Jefferson county, wherein William Kirkpatrick brought suit and recovered judgment

against Benjamin Brownlee for penalty for cutting trees, together with an execution, which was as follows (omitting the formal part) : "You are hereby commanded that of the goods and chattels, lands and tenements of Benjamin Brownlee, you caused to be made the sum of $100 judgment and $33 costs, which —— recovered of him on April 7, 1890," etc.

The levy followed on the land here sued for, notice of sale, and sheriff's deed conveying same to Louis L. Dean, deed from Louis L. Dean to William and Evelyn Kirkpatrick for the same land, and deed from William Kirkpatrick to William F. Barrett, plaintiff, together with the will of Kirkpatrick, leaving all his property to Barrett.

W. T. HILL, and JAMES A. MITCHELL, for appellant.

ALLEN & BELL, for appellee.

DE GRAFFENRIED, J.—(1, 2) In the case of *Cooper & Co. v. Jacobs & Beisinger,* 82 Ala. 411, 2 South. 832, this court, through Somerville, J., said: "The execution issued by the justice of the peace, Hilton, was properly excluded from admission in evidence, being void on its face. It fails to show in whose favor it was issued, and amounted to nothing more than a roving commission to any constable of the county to make a certain sum of money out of the goods and chattels of Hayes & Roberts. The indorsement on the back of the execution was no part of it, and cannot be looked to in aid of this fatal defect."

The above decision has stood undisturbed as the law of this state for more than 25 years, and while it has been somewhat criticized by other courts (*Collins v. Hines,* 100 Tex. 304, 99 S. W. 400, and *McGuire v. Gal-*

[Barrett v. Brownlee.]

*ligan,* 53 Mich. 453, 19 N. W. 142), and while, since its rendition, this court had indicated a disposition to treat mere clerical errors or omissions in executions with more liberality than is indicated in the above decision (*DeLoach v. Robbins,* 102 Ala. 288, 14 South. 777, 48 Am. St. Rep. 46), nevertheless the point decided in the above case was involved in it, and in this case we must either follow that case or overrule it. The doctrine of stare decisis protects society from the uncertainty of fluctuating judicial decisions and renders certain the "great landmarks of property." The above decision was adopted by what is regarded by the legal profession as a great court, and we are not disposed to disturb it.— *Snider v. Burks,* 84 Ala. 57, 4 South. 225; *Morton's Case,* 79 Ala. 616; *Herstein v. Walker,* 85 Ala. 37, 4 South. 262; *Farrior's Case,* 92 Ala. 176, 9 South. 532, 12 L. R. A. 856.

As we have reached the above conclusion, it is unnecessary for us to consider any of the other questions presented by this record. The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.