### TALLAPOOSA COUNTY v. ELMORE COUNTY.

5 Div. 189.

Supreme Court of Alabama.

March 28, 1935.

Rehearing Denied June 6, 1935.

Jas. W. Strother, of Dadeville, and Mortimer M. Baldwin, Kingman C. Shelburne, and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Martin, Turner & McWhorter, of Birmingham, and Holley & Milner, of Wetumpka, for appellee.

BROWN, Justice.

The bill in this case was filed by the county of Elmore against the county of Tallapoosa, alleging that there is a dispute between the parties as to the location of the median line of the Tallapoosa river, adjudged by this court on an interpretation of the act of the Legislature of February 15, 1866 (Laws 1865–66, p. 484), "creating the county of Elmore out of parts of Coosa, Montgomery, Tallapoosa, and Autauga" to be the county line between the two contesting counties, in the case of Tallassee Falls Mfg. Co. v. State, 194 Ala. 554, 69 So. 589, decided June 17, 1915.

The points of dispute, as the bill alleges, are at the location of the dams of the Alabama Power Company, designated as "Martin Dam, Upper Tallassee and Lower Tallassee."

The defendant county demurred to the bill for want of equity, and the demurrer being overruled, it filed an answer denying that the

median line of the Tallapoosa river was the line established by said act, and asserted that the true line was the west bank of the river at low watermark, making its answer a cross-bill, and praying that said west bank of the river be decreed to be the line between said counties established by said act.

The complainant answered the cross-bill, denying its averments and incorporating therein demurrers thereto.

The cause was heard by the court on testimony taken ore tenus, and exhibits thereto consisting of maps based on the surveys made by the power company previous to the construction of said dams, photographs, and other documents. On final hearing, the court sustained the demurrers to the cross-bill and granted relief to the complainant, locating the median line of said river at the points of dispute and appointing two competent engineers to mark the same by appropriate monuments.

The appeal is from the final decree.

■ The law is settled that courts of equity have jurisdiction to ascertain the location in fact of a county line fixed by legislative act, and to cause the same to be marked by permanent monuments; therefore, the demurrer to the bill for want of equity was properly overruled. Marengo County v. Wilcox County, 215 Ala. 640, 112 So. 243.

The point most stressed by appellant is that the construction of the statute creating the county of Elmore, in Tallassee Falls Mfg. Co. v. State, supra, is contrary to the express language of the act, is unsound, and should be overruled. The question considered on that appeal was purely one of law—the legislative intent as gathered from the language of the act—and the soundness of that decision has been, in effect, twice approved in the two appeals of Elmore county in the case of Elmore County v. Tallapoosa County, 221 Ala. 182, 128 So. 158, and second appeal, Id., 222 Ala. 147, 131 So. 552.

■ A sufficient answer to this contention of the appellant is that this construction of the act of the Legislature has stood for twenty years, and no doubt it has been acted upon by the citizens and property owners along the line, and by others interested in the acts of the respective counties, and has become a rule of property, to which the doctrine of stare decisis must be applied. That doctrine forbids that judicial decisions deliberately rendered should be set aside, "unless they are clearly wrong and violative of sound principle or social morality." Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377, 378; Snider v. Burks, 84 Ala. 53, 4 So. 225; Barrett v. Brownlee, 190 Ala. 613, 67 So. 467; Herstein v. Walker, 85 Ala. 37, 4 So. 262; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223.

After careful reexamination of the questions, we are not able to affirm that the interpretation of the statute by the court in Tallassee Falls Mfg. Co. v. State is not sound, and therefore we reaffirm that decision as the settled construction of the Act of February 15, 1866.

■ The testimony in this case is voluminous, and in some respects in sharp conflict. In addition to the fact that the witnesses were examined ore tenus in the presence of the court, the trial judge, at the insistence of both parties, made a personal inspection of the river at the several dams, and while his observations are not evidence that could be noted under chancery rule 75, and made a part of the record, such observations might well aid him in weighing the testimony and reaching a correct conclusion on the facts. Faught v. Leith et al., 201 Ala. 452, 78 So. 830; City of Roanoke v. Johnson (Ala. Sup.) 158 So. 182.

After painstaking examination of the voluminous record, we are at the conclusion that the great weight of the evidence sustains the finding of the decree, and we deem it unnecessary and unprofitable to discuss the evidence in detail.

■ The appellant suggests that the decree should not have limited its findings to the three points where the dams of the power company are located. The bill did not seek to have the boundary line located and marked in its entire course along the middle of the river; nor did the respondent ask for such relief in the cross-bill. The court molded the decree to conform to the pleadings.

We find no reversible errors on the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.