The proponent of a will appeals from a judgment of the Circuit Court of Montgomery County holding that the estate of Daisy Virginia Speer, deceased, should be administered as an intestate estate and confirming the letters of administration granted by the probate court to Mae S. Bird.
The following pertinent facts are undisputed:
Daisy Virginia Speer executed a will in November 1989, in which she named Katherine Crapps Harrison as the main beneficiary of her estate. The original of the will was retained by Ms. Speer's attorney and a duplicate original was given to Ms. Harrison. On March 4, 1991, Ms. Speer telephoned her attorney and advised him that she wanted to revoke her will. Thereafter, *Page 973 
Ms. Speer's attorney or his secretary, in the presence of each other, tore the will into four pieces. The attorney then wrote Ms. Speer a letter, informing her that he had "revoked" her will as she had instructed and that he was enclosing the pieces of the will so that she could verify that he had torn up the original. In the letter, the attorney specifically stated, "As it now stands, you are without a will."
Ms. Speer died on September 3, 1991. Upon her death, the postmarked letter from her attorney was found among her personal effects, but the four pieces of the will were not found. Thereafter, on September 17, 1991, the Probate Court of Montgomery County granted letters of administration on the estate of Ms. Speer, to Mae S. Bird, a cousin of Ms. Speer. On October 11, 1991, Ms. Harrison filed for probate a document purporting to be the last will and testament of Ms. Speer and naming Ms. Harrison as executrix. On Ms. Bird's petition, the case was removed to the Circuit Court of Montgomery County. Thereafter, Ms. Bird filed an "Answer to Petition to Probate Will and Answer to Petition to Have Administratrix Removed," contesting the will on the grounds that Ms. Speer had revoked her will.
Thereafter, Ms. Bird and Ms. Harrison moved for summary judgments, which the circuit court denied. Upon denying their motions, the circuit court ruled in part (1) that Ms. Speer's will was not lawfully revoked when it was destroyed by her attorney at her direction and with her consent, but not in her presence, see Ala. Code 1975, § 43-8-136(b); (2) that there could be no ratification of the destruction of Ms. Speer's will, which was not accomplished pursuant to the strict requirements of § 43-8-136(b); and (3) that, based on the fact that the pieces of the destroyed will were delivered to Ms. Speer's home but were not found after her death, there arose a presumption that Ms. Speer thereafter revoked the will herself. However, because the trial court found that a genuine issue of material fact existed as to whether Ms. Harrison had rebutted the presumption that Ms. Speer intended to revoke her will even though the duplicate was not destroyed, it held that "this issue must be submitted for trial."
Subsequently, however, based upon the affidavits submitted in support of the motions for summary judgment, the oral testimony, and a finding that the presumption in favor of revocation of Ms. Speer's will had not been rebutted and therefore that the duplicate original will offered for probate by Ms. Harrison was not the last will and testament of Daisy Virginia Speer, the circuit court held that the estate should be administered as an intestate estate and confirmed the letters of administration issued by the probate court to Ms. Bird.
If the evidence establishes that Ms. Speer had possession of the will before her death, but the will is not found among her personal effects after her death, a presumption arises that she destroyed the will. See Barksdale v. Pendergrass, 294 Ala. 526,319 So.2d 267 (1975). Furthermore, if she destroys the copy of the will in her possession, a presumption arises that she has revoked her will and all duplicates, even though a duplicate exists that is not in her possession. See Stiles v. Brown,380 So.2d 792 (Ala. 1980); see, also, Snider v. Burks, 84 Ala. 53,4 So. 225 (1887). However, this presumption of revocation is rebuttable and the burden of rebutting the presumption is on the proponent of the will. See Barksdale, supra.
Based on the foregoing, we conclude that under the facts of this case there existed a presumption that Ms. Speer destroyed her will and thus revoked it. Therefore, the burden shifted to Ms. Harrison to present sufficient evidence to rebut that presumption — to present sufficient evidence to convince the trier of fact that the absence of the will from Ms. Speer's personal effects after her death was not due to Ms. Speer's destroying and thus revoking the will. See Stiles v. Brown, supra.
From a careful review of the record, we conclude, as did the trial court, that the evidence presented by Ms. Harrison was not sufficient to rebut the presumption that Ms. Speer destroyed her will with the intent *Page 974 
to revoke it. We, therefore, affirm the trial court's judgment.
We note Ms. Harrison's argument that under the particular facts of this case, because Ms. Speer's attorney destroyed the will outside of Ms. Speer's presence, "[t]he fact that Ms. Speer may have had possession of the pieces of her will and that such pieces were not found upon her death is not sufficient to invoke the presumption [of revocation] imposed by the trial court." We find that argument to be without merit.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.