DESLONDE AND JAMES *vs.* DARRINGTON'S HEIRS.

[APPEAL FROM DECREE REJECTING PROBATE OF WILL.]

1. *Nature of proceeding for probate of will.*—The probating of a will is, under any circumstances, a proceeding *in rem*; yet, under the practice and statutes of this State, it partakes somewhat of the nature of a proceeding *in personam*, and is assimilated, in many respects, to an ordinary suit at law.

2. *Conclusiveness of recitals in record.*—All orders and entries made, in the regular progress of a cause, during term time, are considered as emanating from the court, import absolute verity, and estop the parties from disputing their correctness.

3. *Joinder in issue.*—When objections are filed to the probate of a will, it is not necessary to join issue thereon; nor can a joinder in issue by one of the proponents work a change of parties to the record, or release a co-proponent from his duties and liabilities as such.

4. *Oral and written applications for probate.*—An application for the probate of a will may properly be made in writing, though our statutes do not require that it should be so made; but where a will is propounded orally by two joint executors, and a day set for the hearing, a subsequent written application by one of the proponents alone cannot annul or vary the previous proceedings.

5. *Renunciation by proponent as executor.*—Where two joint executors propound a will for probate, and an issue is made up to test its validity, it is too late for either of them, at the trial, to renounce his executorship, in order that he may become a competent witness to sustain the will.

6. *Admissibility of parol evidence to contradict recitals of record.*—Parol evidence cannot be received to impeach or contradict the recitals in orders and entries made during the progress of a cause in the court in which the suit or proceeding is pending.

7. *Competency of proponent as witness for will.*—After issue joined contesting the probate of a will, an executor, who is shown by the record to be one of the proponents, cannot demand to be discharged, as a matter of right, on offering to deposit in court a sum of money sufficient to cover the costs, in order that he may be examined as a witness to sustain the will.

APPEAL from the Probate Court of Clarke.

IN the matter of the last will and testament of John Darrington, deceased, which was propounded for probate by Edmund A. Deslonde and Robert D. James, who were therein named as joint executors, and was resisted by the heirs-at-law and distributees of said decedent. Written objections were filed to the probate, and issue was thereon joined, and a jury trial had, which resulted in a verdict against the validity of the will; and the court thereupon rendered judgment, rejecting the probate, and awarding a portion of the costs against the proponents. "During the progress of the cause," as the bill of exceptions states, "Edmund A. Deslonde offered to introduce Robert D. James, one of the executors named in the will, as a witness, under the following circumstances: The contestants had closed their evidence, and the said James was offered as a witness in reply. He renounced his executorship, released all interest under the will, and his right to commissions, if any he had. The said Deslonde then offered to prove, that said James had never authorized any one to use his name as one of the proponents of the will, *and the issues had been made up* (?) as appears from the papers in the cause; although the entry on the minutes, which was made when the will was propounded and filed, showed that the

Deslonde and James v. Darrington's Heirs.

same was propounded by both said James and said Deslonde. The said Deslonde also offered to deposit with the court a sum of money to pay the costs of this suit, more than sufficient to cover all costs that can accrue. But the court refused to allow the money to be deposited, refused to receive the proof that said James did not authorize the will to be propounded in his name, and refused to permit said James to testify; to all which rulings of the court the said proponents excepted." The other material facts of the case will be understood by reference to the opinion. Errors are assigned by Deslonde alone.

E. S. DARGAN and F. S. BLOUNT, for the appellants.—Under the circumstances disclosed by the record, Robert D. James was a competent witness, and should have been permitted to testify. This case is very different from that of Gilbert v. Gilbert, 22 Ala. 529. Though the minutes showed that the will was propounded for probate by both Deslonde and James, yet the issues were made up with Deslonde alone, and the trial proceeded in his name alone. The probating of a will is a proceeding *in rem*; and neither the executor, nor the next of kin, nor the heir-at-law, is bound to enter into a contestation about it; any one in interest may interfere, but no one is compelled to do so.—Sawyer v. Dozier, 5 Iredell, 97; Enloe v. Sherrill, 6 Iredell, 212. But even if James was a joint proponent with Deslonde, he had the right to renounce his executorship, and thus render himself a competent witness to sustain the will.—1 Williams on Executors, 152; Jackson v. Whitehead, 3 Phill. 577 (1 Eng. Ec. R. 478) ; Panchard v. Weger, 1 Phill. 212 (1 Eng. Ec. R. 74); 3 Hagg. 212; 3 Addams, 272; 4 Leigh, 179; 8 Conn. 254.

WM. P. CHILTON and GEO. W. GAYLE, *contra.*—James was one of the proponents of the will, and a party to the contestation, as shown by the recitals of the record; and so this court decided, on the motion to dismiss the appeal, at the last term.—See 28 Ala. He was, therefore, an incompetent witness to sustain the will, and could not render himself competent by renouncing the executorship.—Gilbert v. Gilbert, 22 Ala. 529. The South Carolina cases cited for the appel-

lants are founded upon a statute very different from ours, and the English decisions proceed upon principles peculiar to the ecclesiastical courts; but, even in those cases, the executor, before he was offered as a witness, had been withdrawn and dismissed from the record as a party.

STONE, J.—In Gilbert v. Gilbert, 22 Ala. 529, this court held the proponent of a will an incompetent witness to sustain its validity, because of his liability for costs. That was a proceeding before the Code went into operation, and hence not governed by its provisions.

Should a different rule prevail under the Code? Section 1634 declares, that where a will is contested, before the probate thereof, "an issue must be made up, under the direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant." Section 1643 is in the following language : "In all matters in relation to the evidence, mode of proceeding, investigation and determination of such contest, not specially provided for by this article, the court must proceed and be governed by the same rules and regulations as courts of law." Section 1649 is in these words : "In all cases contesting the validity of a will, under any of the preceding sections of this article, the costs must be paid by the party contesting, if he fails; otherwise, it must be paid by the plaintiff, or out of the estate, or in such proportions by the plaintiff or the estate as the court may direct." Sections 1636, 1640, and 1644, designate the proponent and contestant as " the parties."

But the Code, section 2302, declares that interest in the event of the suit, or liability for costs, does not render a witness incompetent, "unless the verdict and judgment would be evidence for him in another suit." This, perhaps, would dispose of the objection to the competency of the witness, if the codifiers had stopped here. The same section, however, enacts, that its provisions shall not be "so construed as to authorize persons or parties to be witnesses, further than is authorized by the other provisions of the Code."

1. The probate of a will, under any circumstances, is a proceeding *in rem*. It operates upon *the thing* itself. It

defines, and, in a great degree, creates, its *status*. That *status*, thus defined, adheres to it as a fixture; and the judgment or decree in the premises, unless avoided in some mode prescribed by law, binds and concludes the whole world.—Woodruff v. Taylor, 20 Vermont R. 65; Note to Duchess of Kingston's case, 2 Smith's Leading Cases, American notes, side page 439. See, also, Hunt and Wife v. Acre and Johnson, 28 Ala. Though the probate of a will is a proceeding *in rem*, yet, under our system, when there is a contest, it partakes somewhat of the nature of a proceeding *inter partes*, or *in personam*. The sections of the Code copied above assimilate it, in many respects. to ordinary suits at law. Hence, when the motion .was made to dismiss the appeal, we decided that Robert D. James was a party to the record.

2. "All the orders and entries made, in the regular progress of a cause, during term time, must be received as emanating from the court."—Swift v. Stebbins & Hunter, 4 Stew. & Por. 447; Weir v. Hoss, 6 Ala. 881. Records import absolute verity, and all parties to them are estopped from disputing their correctness. See a collection of the authorities on this question, in a note to the Duchess of Kingston's case, *supra*, side page 437–8. The record in this case recites, that Robert D. James and Edmund Deslonde, the executors named, propounded the will for probate on 15th of October, 1855. On the 12th of November, 1855, the contestants filed their objections, five in number, to the probate of the will; and on the same day, Edmund A. Deslonde took issue on the allegations. On the same day, 12th of November, the record recites, "And now, on this day, came Edmund Deslonde and Robert D. James, who are named as executors in said instrument, in person, and by attorney," &c. An order was that day made, setting a day for the trial, and directing the sheriff to summon a jury. The final judgment describes the parties as "Edmund A. Deslonde and Robert D. James, proponents of the will of John Darrington, deceased, plaintiffs, v. John S. Carter, Eliza C. Carter, Robert Darrington, contestants, defendants;" and the judgment is rendered against Deslonde and James for costs. These recitals, under the rules above laid down, are conclusive to show that Robert D. James was a joint proponent

with Deslonde, and that he is a party to the record, unless the record itself show otherwise.

The only portions of the record which, in the least, conflict with this view, are the following: 1st, the joining issue by Deslonde alone, on the 12th November, as above stated; 2d, a paper copied into the record, and which was filed December 3d, 1855, propounding the will in the name of Edmund A. Deslonde alone; 3d, a renunciation by Robert D. James of the office of executor, dated December 17th, 1855 ; and, lastly, a recital in the bill of exceptions, that "Deslonde then offered to prove that the said Robert D. James had never authorized any one to use his name as one of the proponents of the will, and the issue had been made up as appears from the papers in the cause, although the entry on the minutes, which was made when the will was propounded and filed, showed that the same was propounded by both said James and said Deslonde. The said Deslonde also offered to deposit with the court a sum of money to pay the costs of this suit or contestation, more than sufficient to pay and cover all costs that can accrue." We will dispose of them in the order in which they are stated above.

3. The joining issue on the objections filed against the probate of the will, was, under our practice, unnecessary. It did not, and could not, work a change of the parties to the record, nor release James from his duties and liabilities as joint proponent of the will with Deslonde.

4. Our statutes do not require papers of this kind to be propounded in writing. Still it would be regular to do so, and many good reasons might be offered in favor of such practice. But in this case, the will had been propounded orally, and a day set for the trial, &c. The subsequent attempt, made December 3d, by Deslonde alone, to propound the will in writing, did not annul or vary the previous proceedings. No action appears to have been taken on the paper of December 3d ; and, so far as we can discover, it is no part of the record.

5. The renunciation of Mr. James came too late. He was a party to the proceedings, and had no authority to withdraw from them at that stage.—See Gilbert v. Gilbert, *supra*; Code, §§ 1634, 1649; Sears v. Dillingham, 12 Mass. 358. We

do not hold that Mr. James was rendered incompetent as a witness, by the fact that he was named executor in the will. But, if his testimony was desired on the trial, he should not have been made a party plaintiff on the record, by the employment of his name as one of the proponents of the will.

6. The orders and entries in this case must be received as emanating from the court. The judge who made the orders and entries, must be presumed to have known the facts, and to have spread them correctly on the record. To permit them to be inquired into, or assailed by testimony, *in the court in which they have transpired*, would lead to inextricable confusion.—Price v. Br. Bank, 17 Ala. 378. The testimony offered with this object, was correctly rejected. Nor is it by any means certain that the fact proposed to be proved would vary the rights of the parties. Mr. James may never have "authorized any one to use his name as one of the proponents of the will," and yet by his silent acquiescence, or in various other ways, he may have fully ratified such use. Neither could a deposit of money, to cover costs, render Mr. James a competent witness—Code, §§ 2302, 1643; Stone v. Bibb, 2 Ala. 100.

7. We have examined the cases in the English ecclesiastical reports, referred to on brief of appellants. They certainly hold that, in that court, a proponent of a will may, by an order of court, be discharged, and used as a witness to establish the will. They do not say it would be error in the primary court to refuse such order. But, be this as it may, we feel compelled to decide that, under the provisions of the Code copied in this opinion, an executor, who is shown by the record to be a proponent of a will, can not, after issue joined contesting the same, demand, *as a matter of right*, that he shall be discharged, that he may testify as a witness. We prefer, in this case, to extend the principle no further.

There is no error in the record, and the judgment of the probate court is affirmed.