## CLEMENS *vs.* PATTERSON.

[MOTION TO DISMISS APPEAL.]

1. *Parties to proceeding for probate of will.*—Although the statute requires that the widow and next of kin shall be notified of proceedings before the probate court for the probate of a will, yet they are not parties to the proceedings, unless they appear and participate therein.
2. *Parties to appeal.*—An appeal from a decree of the probate court, in the matter of the probate of a will, can not be sued out by the next of kin, who, although cited, did not appear and make themselves parties to the proceedings.

APPEAL from the Probate Court of Madison.

WALKER & BRICKELL, with W. P. CHILTON, for appellant. GOLDTHWAITE, RICE & SEMPLE, *contra.*

A. J. WALKER, C. J.—Benjamin Patterson, as executor, propounded the will of James Clemens, deceased, for probate. The will was propounded by a written petition, which gives the names and residences of the next of kin. Citations were issued to the next of kin resident in the State, and served upon them; and publication was made

46

as to the non-residents.  One of them, Jeremiah Clemens, appeared, and contested the will propounded by Patterson, and set up an older will, upon the ground that the older will had been cancelled, and the younger one executed, when the testator was insane.  The younger will propounded by Patterson was set aside, and the older will admitted to probate.  An appeal to this court is taken, in the name of all the next of kin, by all of them except Jeremiah Clemens.  A motion to dismiss the appeal is made by Jeremiah Clemens, who did not join in taking the appeal, notwithstanding his name was used.

The first position taken in support of the motion to dismiss is, that the next of kin who did not contest the will, are not parties to the proceedings in the probate court, and, therefore, can not appeal.  The proceeding for the probate of a will does not take the form of a suit between adverse parties, unless there is a contest, and then only between the proponent and contestants.  The widow and next of kin are not summoned "to see proceedings," or witness the probate, upon the supposition of a necessary antagonism to the proponent.  They are cited without reference to the actual bearing of their interests, or the existence of any interest in the proceeding.  If they were, by a peremptory rule, assigned the position of defendants, they would often be placed in hostility to their real interest, and sometimes be parties to a proceeding in which they were not concerned.  Many years ago, this court, in a well considered opinion, in which the practice in courts proceeding according to the civil law was examined, announced a principle, which would, in such proceedings before the probate court as that for the establishment of a will, make the persons required to be cited parties only when they intervened, participated in the *contestatio litis*, or were formally made parties in that court.—*Watson v. May*, 8 Ala. 177.  This principle permits the widow and next of kin severally to become parties or not, and to assume position on the one side or the other, as their interests may suggest.

Clemens v. Patterson.

Our examination, which has been as extensive as the books at our command would permit, leads us to the conclusion, that this principle is supported by analogies found in the civil and ecclesiastical law.—Rogers' Ecclesiastical Law, 479, 480, 948, 680, 681 ; Brittleston v. Clark, 2 Lee, 248 ; Hillam v. Walker, 1 Hag. 71 ; Chichester v. Donegal, 1 Addams, 10–16 ; S. C., 3 Phil. 594–595 ; Montague v. Montague, 2 Addams, 372 ; Public Administrator v. Watts, 1 Paige, 382. It has since been followed by this court, and was distinctly announced in the recent cases of Blakey v. Blakey, 33 Ala. 611., and Allen v. Prater, 35 Ala. 169 ; and is implied in the argument of the court, in Deslonde & James v. Darrington, 29 Ala. 92. See, also, Gilbert v. Gilbert, 22 Ala. 229.

The same principle is involved and recognized, in those cases in which appeals have been taken, from decrees of the probate court establishing wills, by contestants, without joining all the persons who had been cited.—Coleman v. Robertson, 17 Ala. 84 ; Leverett v. Carlisle, 19 Ala. 80 ; Apperson v. Cottrell, 3 Porter, 51 ; Shields v. Alston, 4 Ala. 248. These cases recognize the principle as clearly as if they distinctly announced it, for, if the widow and next of kin, being cited, were parties defendant, no appeal could be taken by the contestants without joining them all, since an appeal must be taken by all the parties on the side appealing.

The act of 12th December, 1857, (Pamphlet Acts, 244,) authorizes an appeal from any final decree of the probate court within twenty days, whether there be a bill of exceptions or not. But, " when an appeal or writ of error is spoken of, the statute must be understood as using these terms in their known and received signification, and ought not to be extended to take in cases in which neither could be taken according to any course of practice known either to the civil or common law."—Watson v. May, supra. The statute can not be regarded as authorizing an appeal by persons who are not parties.

Cases might arise, in which the proponent of the will

would refuse to appeal from an erroneous decree rejecting it, while the parties prejudiced by his refusal would be left without any effective remedy against him by reason of his insolvency. The reply to the argument which this view suggests is, that those interested to establish a will may join in propounding it, or be made parties as proponents at any time before the decree; and may even be made parties plaintiffs, by application to the probate court, after the decree, for the purpose of appealing. With these rights secured to them, it is believed that no vigilant party can be materially injured by the operation of the principle which we adopt.

The persons who appealed in their own names and that of Jeremiah Clemens, had no right to appeal, because they were not parties; and the appeal must be dismissed.