| 89 | 455 |
| 93 | 85 |
| 93 | 279 |
| 93 | 573 |
| 89 | 455 |
| 96 | 200 |
| 89 | 455 |
| 100 | 501 |
| 89 | 455 |
| 103 | 620 |
| 89 | 455 |
| 111 | 297 |

# McEvoy *v.* Leonard.

*Bill in Equity Contesting Probate of Will, and for Sale of Lands for Equitable Division, Cancellation of Deed as Cloud on Title, etc.*

1. *Sale of land for equitable division among tenants in common; allegation of necessity for sale.*—In a bill which seeks a sale of lands for distribution, or equitable division, among several tenants in common, "it is always safest to conform to the letter of the statute" (Code, §§ 3253, 3262), and allege that the lands "can not be equitably divided among them;" and where the parties interested are eight heirs at law, some of whom seek a sale of two tracts or parcels of land, not alleging that they constitute the entire inheritance, the necessity for such averment is not obviated.

2. *Same; administrator as party.*—When the bill seeks a sale of lands descended, for equitable division among the heirs at law, "it is always safest to have a personal representative of the intestate appointed," and made a party, especially when it is not averred that the estate owes no debts.

3. *Same; adverse possession.*—The Chancery Court, like the Probate Court, in the exercise of this statutory jurisdiction, has no authority to order a sale of lands which are adversely held.

4. *Multifariousness.*—A bill filed by some of the children of deceased husband and wife, against their brothers and sisters, as heirs at law, and tenants in common of a tract of land, of which it is alleged the husband died seized and possessed, seeking (1) to set aside the will of the wife, by which she devised the land to some of the defendants; (2) to vacate and cancel, as a cloud on the title, a deed by which the husband had conveyed the land in trust for the use and benefit of the wife, and (3) to have the land sold for partition, or equitable division among all the children,—is multifarious.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 31st August, 1889, by Mrs. M. E. McEvoy and Mrs. Jane Serda, married women, children and heirs at law of Christopher J. Leonard and his wife, Mrs. Ellen Leonard, against their six brothers and sisters, William Leonard and others; and sought to establish their rights, as tenants in common with the defendants, in and to two parcels or small tracts of land in the city of Mobile, which had belonged to said Christopher J. Leonard, and of which it was alleged he had died seized and possessed, and to have the same sold for equitable division among the complainants and defendants as tenants in common; and it also sought to set aside the probate of the will

of Mrs. Leonard, which had been duly admitted to probate in Mobile, and by which she devised said parcels of land to two of the defendants; and to vacate and cancel, as a cloud on the title, a deed by which said Christopher J. Leonard had conveyed the property to a trustee for the use and benefit of his wife.

The two parcels of land were acquired by Christopher J. Leonard, by separate conveyances, in 1853 and 1857 respectively; and they were conveyed by him, with other property, by deed dated June 3d, 1869, to Patrick Kain as trustee, for the sole and separate use and benefit of Mrs. Ellen Leonard, his wife, with power of disposition by her, and to her heirs in the event of her death without having disposed of it. In November, 1869, Forcheimer & Lassabe, judgment creditors of said Leonard, filed a bill in equity against him, his wife, and the trustee, seeking to set aside the deed of trust as a voluntary conveyance; and they obtained a decree in February, 1871, setting aside the deed, and subjecting the lands to sale in satisfaction of the complainants' judgment. At the sale under this decree, on the 25th April, 1873, Forcheimer & Lassabe became the purchasers of one of the parcels of land, and W. Crosby of the other, and the sales were confirmed. A few months afterwards, as the bill alleged, Leonard procured from Crosby a conveyance of the parcel of land which the latter had bought at the register's sale, and also effected a compromise and settlement with Forcheimer & Lassabe, under which they conveyed to him the lot which they had bought; but this latter deed was never recorded, and was alleged to be lost. Mrs. Leonard did not join with her husband in the execution of the deed of trust to Kain, and the bill sought to set it aside as a cloud on the title to the homestead tract or parcel of land.

Mrs. Leonard died on the 5th March, 1880, and her husband, said Christopher J., on the 5th December, 1888. The bill alleged that each of them died intestate in fact, but that a paper which purported to be the last will and testament of Mrs. Leonard, with two codicils attached, "was regularly admitted to probate in said county of Mobile," without contest, on July 19th, 1889. By this will and codicils Mrs. Leonard devised said parcels of land to some of the defendants, giving only nominal legacies to the complainants, and she appointed her husband as executor; but the bill alleged that he never qualified, and that no administration was ever granted on her estate. It was alleged, also, that said Leonard continued in

uninterrupted possession of both parcels of land, after the execution of the deed of trust, and up to the time of his death; that two of the defendants were in possession of one parcel, claiming under the will of Mrs. Leonard, "to the exclusion of complainants' interest therein, and in denial of their rights, and have in fact ousted them from the enjoyment and possession of said piece of property"; and that the complainants and some of the defendants "are in the actual use and occupancy" of the other parcel, but the probated will is a cloud on their title. The bill sought to set aside and vacate the probate of Mrs. Leonard's will on the grounds (1) that she was wanting in legal capacity to execute it, and (2) that it never was in fact executed, signed and attested, as required by law. The bill contained, also, the following allegations: "Complainants show, further, that they and the defendants are engaged in a bitter controversy over the title to said property described in said will, and that the legal title to said property is in such an uncertain and unsettled condition that it will cause and protract litigation between complainants and defendants, unless something is done to prevent that litigation and multiplicity of suits."

A joint demurrer was filed by the adult defendants, and a separate demurrer by the guardian *ad litem* of the two minors, each assigning several distinct grounds of demurrer. The principal grounds of demurrer, and the only grounds necessary to be noticed, are stated in the opinion of the chancellor, as follows:

COLEMAN, Ch. "The purpose of the bill is to have certain lots and parcels of land sold for distribution. The main difficulties which appear on the face of the bill, and which must be removed before the sale can be effected, are these: (1) the bill fails to show that the property can not be fairly divided without a sale; (2) a portion of the land is adversely held by the respondents; (3) a successful contest, under the statute (Code, § 2000), of the validity of the will of Mrs. Ella Leonard, which has been probated in the Probate Court of Mobile county. These questions will be considered in the order stated.

"1. Partition is a matter of right, and not one left to the discretion of the court. A sale of lands for distribution, instead of partition of them, rests on altogether different principles. No tenant in common has the right to have the interest of his co-tenant sold, if he can separate his interest from that of his co-tenant without injury to either. There-

fore, in a bill which seeks to sell for distribution·lands held in common, which relief is contested, it is necessary to allege and prove that the lands can not be fairly divided without a sale.

"2. While courts of equity have always had jurisdiction of a bill for the partition of lands, its jurisdiction to sell for distribution is purely statutory, and but recently conferred. By statute, the Chancery Court has the same jurisdiction to sell lands for distribution, as the Probate Court has, and no greater.—Code, §§ 3253, 3262. The Probate Court can not decree a sale of lands for distribution, when they are held adversely; neither can the Chancery Court. The adverse holding is not one which may be fraudulently preferred, merely to defeat a sale, or one purely of law, or which may be determined as a conclusion from admitted facts; but, whenever the adverse holding rests upon disputed facts, it is such as will deprive either court of jurisdiction to sell for distribution the land so held adversely. The titles must be first determined by a court of competent jurisdiction. The case of *McMath v. DeBardelaben*, 75 Ala. 68, relied on by complainants, was one for partition, and not, as in the present case, for the sale of land for distribution.

"The present bill presents a case of adverse holding, resting on the validity of a will which has been regularly probated by a court which had jurisdiction of the matter. All the facts which impart validity to the will are contested. Code, §§ 2105, 3253, 3262, and authorities cited. It is unnecessary to consider the effect of the deed of trust, in advance of the termination of the contest as to the validity of the will. If the will be invalid, and both the father and mother died intestate, different and contesting interests can not arise, since the same parties are the heirs of each. If the will be upheld, then the adverse holders claiming under it can successfully resist a sale of the property under the principles above enunciated.

"The demurrer raising these questions must be sustained.

"Enroll this decree: This cause, coming on to be heard at the last term, was submitted for decree on the demurrers to the bill, and was held for decree in vacation; and having been duly considered, it is ordered, adjudged and decreed, that the demurrers filed to the bill of complaint, on the grounds (1) that the bill does not allege that the property can not be equitably divided without a sale; (2) that it shows there are adverse holders and claimants to the prop-

[McEvoy v. Leonard.]

erty sought to be sold for partition; (3) for multifarious-
ness,—be, and the same are hereby sustained; and it is
further ordered, that complainants may amend their bill as
they may be advised."

The chancellor's decree is assigned as error.

WM. E. RICHARDSON, and HENRY CHAMBERLAIN, for
appellants.

GREG. L. & H. T. SMITH, contra.

STONE, C. J.—On June 3, 1869, Christopher J. Leon-
ard conveyed two lots in the city of Mobile, and the houses
upon them, to Patrick Kain, as trustee, for the sole use and
benefit of Ellen Leonard, wife of said Christopher J.  If
the facts averred in the bill be true, and if the law applica-
ble to the averred facts be as contended for, then Christopher
J. Leonard died the legal owner of each of said lots; the
residence, or homestead lot, never having passed out of him,
by reason of the insufficient execution of the deed to convey
the homestead; and the other lot, by reason of Christopher
J.'s repurchase of it from Forcheimer & Lassabe.   If, then,
the legal title was in Christopher J. at the time of his death,
that title devolved immediately on his heirs at law, he having
left no will.   Conceding these postulates of law and fact
to be true, the heirs of the said Christopher J. succeeded,
on his death, to the legal title to said lots as tenants in com-
mon, there being, in this State, no joint tenancy as known
to the common law.   If they held and hold the legal title,
then their remedy to recover possession by suit at law is
ample, and chancery has no jurisdiction of this feature of
the case.   The chancellor, however, did not rule on this
question, and the appeal does not bring it before us.   We
decide nothing on this question.

One object of the bill is to have a sale of the two lots, and
the houses upon them, for division among the eight heirs at
law.   The averments of the bill, on which this relief was
prayed, omit to state, as a reason for the sale, that the lots
can not be equitably divided or partitioned among the ten-
ants in common.—Code of 1886, §§ 3253, 3262.   For this
omission  the  defendants  demurred,  and  the  chancellor
sustained the demurrer.   It is argued that, because there
are only two city lots, of limited dimensions, to be divided
among eight tenants in common, the court will take judicial

[McEvoy v. Leonard.]

cognizance that partition is impossible. There would be, at least, some plausibility in this argument, if it were averred that these two lots comprised the whole estate which constituted the inheritance. There is no such averment. It is always safest, in such proceedings, to conform to the letter of the statute.

But we encounter other difficulties in this phase of the case before us. No personal representative has been appointed for either estate, that of Christopher J., or of Ellen Leonard, and there is no averment as to either estate that it owes no debts. It need scarcely be said that, in this State, all property owned by a decedent at the time of his death, above statutory and constitutional exemptions, must be applied first to the payment of debts. In the case of partition, or sale of land descended, for division among the heirs, it is always safest to have a personal representative appointed.

The bill was demurred to for multifariousness, and the chancellor held this demurrer well taken. We agree with the chancellor that the bill is multifarious.

We are tempted to inquire, if the validity *vel non* of Mrs. Leonard's will should not be first determined, before any other questions sought to be presented are brought before the court? And after the question of the validity of the will is determined, should there not be a personal representative appointed, before further steps are taken? We may be pardoned for inquiring further, whether or not the affairs of the two estates are not so complicated, that after the contest of the will is determined, and an administrator appointed, should the will, or any of the codicils be set aside, the further administration can not be conducted and concluded with less expense and less of risk in the Chancery Court? These inquiries are suggested by the questions the bill in its present shape seeks to raise, and are in no sense to be considered as anything more than suggestions, inviting investigation. The true facts may show their entire inapplicability.

We entirely concur with the chancellor in all the rulings he made, and direct the reporter to incorporate with his statement of facts the chancellor's entire opinion.

Affirmed.