(80 South. 119)

· Ex parte WALTER et al.    (3 Div. 364.)

(Supreme Court of Alabama.    June 20, 1918.
Rehearing Denied Nov. 14, 1918.)

1. EQUITY ⚌151—BILL—IMPERTINENCE.

Facts set up in a bill in 'equity which, whether true or not, are irrelevant to the material issues made or tendered, may be stricken as impertinent.

2. WILLS ⚌281—CONTEST—BILL IN EQUITY.

A bill in equity *held* from consideration of its form and character to have for its primary purpose a proceeding in rem to contest a will under Code 1907, § 6207, and not the fixing of parties' rights contingent upon setting aside the will by determining the validity of a deed and bill of sale.

3. WILLS ⚌222—CONTEST IN EQUITY—PROCEEDING IN REM—PARTIES.

While the contest of a will already admitted to probate by bill in equity is in the nature of a proceeding in rem to determine the legal status of the res and not the rights of the parties, yet it does partake somewhat of the nature of inter partes proceedings, since those of adverse interests are made parties.

4. WILLS ⚌222—CONTEST BY BILL IN CHANCERY.

The contest of a will by bill in chancery is a proceeding in rem entirely of statutory creation. Code 1907, § 6207.

5. WILLS ⚌222—CONTEST — RIGHT OF CONTEST—HEIRS.

When a will is offered for probate in the probate court, the right to contest exists in the heirs, who are under no duty to there exercise the right, but may elect to contest the will in the equity court as provided by statute.

6. WILLS ⚌255—CONTEST—COURTS—EQUITY COURT—LIMITED JURISDICTION.

Code 1907, § 6207, merely confers upon the equity court the jurisdiction of the probate court as to the contest of a will, and the equity court in the exercise of this special statutory power exercises a limited jurisdiction.

7. WILLS ⚌281—CONTEST—BILL IN EQUITY—IMPERTINENCE.

The contest of a will by a bill in chancery is limited to determining the validity of the will, and allegations of the rights of contestants depending on the validity of a deed and a bill of sale not affecting the will's validity are impertinent to the issue and subject to be stricken.

Sayre and Somerville, JJ., dissenting.

Original petition in the Supreme Court by J. A. Walter and others for writ of mandamus directing the Judge of the Circuit Court of Montgomery County to vacate an order. Writ denied.

This is a petition for a writ of mandamus to be directed to the judge of the circuit court of Montgomery, instructing him to va-

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cate an order directing the register to strike from the bill of complaint—mentioned in the petition and record—certain portions thereof.

The petition shows that the petitioners, who are among the heirs at law of one Duncan C. Walter, deceased, filed a bill in the circuit court of Montgomery county, in equity, against Jesse B. Walter, seeking thereby to contest, vacate, and annul an instrument in writing purporting to be the last will and testament of said Duncan C. Walter, dated September 23, 1916, and the probate thereof, wherein the said Jesse B. Walter is named as sole beneficiary.

The bill referred to in the opinion as an exhibit to the petition was filed by the children of T. B. Walter, and against J. B. Walter and others, seeking to annul the probate of a will and the cancellation of a deed or deeds.

The bill alleges, in effect: That Duncan C. Walter departed this life in Montgomery county in May, 1917, leaving a large estate of personal and real property valued at $200,-000, and certain heirs, brothers and sisters, and complainants who are the children of a brother who died prior to Duncan Walter. That in June, 1917, an instrument purporting to be a will of Duncan C. Walter was admitted to probate in the probate court of Montgomery county, without contest by any one, and Jesse B. Walter was appointed executor thereof. That on January 3, 1917, a paper purporting to be a deed of said Duncan C. Walter, signed D. C. Walter, was filed in the office of the judge of probate of Montgomery county, conveying or purporting to convey to the defendant Jesse B. Walter, written J. B. Walter, a large amount of real property for a recited consideration of love and affection and $5. The deed and the will, or a copy thereof, are attached to the bill as exhibits.

Complainants are advised and informed that Jesse B. Walter has, or claims to have, an instrument in writing in form a bill of sale or transfer from Duncan C. Walter, deceased, conveying, or purporting to convey, to him all of the personal property which was owned by Duncan Walter, but complainants cannot produce a copy as an exhibit, and ask that Jesse Walter be required to produce or discover the same.

It is averred: That the will, the deeds, and the bill of sale are void and of no effect because (a) they were not the voluntary act of the said Duncan C. Walter, deceased; (b) the said Duncan C. Walter was, at the time the said instruments of writing purport to have been executed, of unsound mind and mentally incapable of executing the same; and (c) at the time said several instruments were signed by the said Duncan C. Walter, if signed by him at all, the said Duncan C. Walter was old, to wit, 78 years of age, sick and diseased, and of feeble mind, and the several instruments were wrongfully procured by the said Jesse B. Walter by the exercise of undue influence over him, the said Duncan C. Walter. That the said several instruments were, each of them, procured by the said Jesse B. Walter pursuant to a deliberately formed plan, scheme, and design on the part of the said Jesse B. Walter, the grantee and beneficiary therein. Here follows prayer as indicated above, and for general relief.

Respondent Jesse B. Walter moved the court to strike from the bill of complaint the allegations in reference to the execution of the deed and the bill of sale, which said motion was granted. The court below directed the register "to strike from the bill, and the prayer of the same, the statements contained therein in reference to the deed and transfer alleged to have been made by D. C. Walter, deceased." To vacate this order, this petition for mandamus was presented.

Steiner, Crum & Weil, Rushton, Williams & Crenshaw, and John R. Tyson, all of Montgomery, for petitioners.

W. A. Gunter and Hill, Hill, Whiting & Thomas, all of Montgomery, for respondents.

GARDNER, J. The bill of complaint filed by the petitioners against respondent Jesse B. Walter has for its primary purpose the contest of the probate of the will of Duncan C. Walter, which was duly admitted to probate in the probate court of Montgomery county without contest.

In separate paragraphs of the same bill, however, the validity of a certain deed to real estate, and a bill of sale to personal property, executed at different times by the said Duncan C. Walter to respondent Jesse B. Walter, is attacked. These instruments are likewise sought to be canceled and annulled.

Motion was made to strike from the bill of complaint the averments in reference to the deed and the bill of sale as immaterial and impertinent, and not properly contained in a bill—the primary object of which is to contest a will.

It is conceded that mandamus is the proper remedy, there being no other adequate relief for petitioners if they are entitled to relief. The foregoing is the sole question presented for consideration here.

It is clear and not controverted that a suit to set aside a deed or a bill of sale for fraud or undue influence is a proceeding inter partes, and binding only upon those who are parties to the suit and their privies.

It is contended by counsel for respondents to this petition that a proceeding to contest a will in a court of equity, under the provisions of the statute, is a proceeding in rem, and that the questions for consideration are necessarily confined to that issue; any other matters presented being immaterial, and,

therefore, impertinent, and subject to be stricken. This is the theory upon which the trial court proceeded.

[1] In Bromberg v. Bates, 98 Ala. 621, 13 South. 557, it was said that—

"An impertinent fact is one whether true or not, can have no influence in leading to a result."

In Fletcher, Eq. Pl. & Pr. § 117, it is said:

"Impertinence consists of any allegation that is irrelevant to the material issues made or tendered. It involves more than prolixity, and consists in recitals of fact which are entirely immaterial to the issue."

If it be conceded, therefore, that the matters set up in the bill, as to the deed and bill of sale, are wholly immaterial to any issue presented, or that could be presented in the bill, as one to contest the probate of the will, then, we are of the opinion that, under the rule above cited, these averments may, upon motion, be properly stricken as impertinent.

[2] We have said that the bill is clearly one having for its primary purpose the contest of the will, and this, we think, necessarily follows from the consideration of its frame and character; and from the further fact, it appears upon its face the complainants in that bill are entitled to no relief whatever as to the deed and bill of sale, so long as the probate of the will remains undisturbed. The will had been duly admitted to probate, and its probate was a proceeding in rem, binding and conclusive upon the world until set aside as provided by law. Such being the case, therefore, the bill shows upon its face that the complainants are entirely without interest as to the deed and bill of sale, unless the bill to contest the probate of the will is successfully terminated. Their interest as to the deed and bill of sale are entirely contingent upon the result as to the contest of the will. The bill is clearly filed primarily to contest the will of Duncan C. Walter, deceased, in a court of equity, as provided by section 6207 of the Code of 1907.

[3] In McCann v. Ellis, 172 Ala. 60, 55 South. 303, it was held that a proceeding to set aside the probate of a will was a proceeding in rem, to determine exclusively the status of the res, and not the rights of the parties. We take the following pertinent excerpt therefrom:

"It has been uniformly ruled by all English and American cases which we have examined that proceedings to probate or to set aside the probate of wills are proceedings in rem and not in personam; that such proceedings are exclusively to determine the status of the res, and not the rights of the parties. Judgments or decrees as to the status of the res, in proceedings strictly in rem, are conclusive against all the world as to that status; while such judgments as to the rights of parties, whatever may be the point adjudicated, not being as to the status, are only conclusive between the parties or privies to the suit."

Subsequently, in Kaplan v. Coleman, 180 Ala. 267, 60 South. 885, it was said:

"The probate of a will is a judgment in rem. * * * Its validity and effect can be contested and vacated only by a seasonable appeal, or by a bill filed under the statute. It determines the status of the res; that is, whether there is a will or not, and not the rights of the parties under the will. * * * The contest of a will in chancery is in the nature of a proceeding in rem. If successful, the decree is conclusive that there is no will either in whole or in part as the contest may be framed and the proof may show."

It is conceded by counsel for petitioners that a proceeding to probate a will is a proceeding in rem; but it is insisted that the contest of a will in a court of equity, under the statute, is a proceeding inter partes or in personam. When, however, it is considered that the contest of a will in a court of equity under the statute is in fact but an extension of the time of contest, and, in reality, but another form of defense to its probate, the logic of the reasoning is not clear, for we are unable to see any sound reason why the probate of the will should be a proceeding in rem, and its contest, or defense against its probate, should be only a proceeding inter partes.

Much stress is laid upon the expression found in Deslonde v. Darrington, 29 Ala. 92, where it was stated that, while the probate of a will is a proceeding in rem, yet, under our system, when there is a contest, it partakes somewhat of the nature of a proceeding inter partes or in personam. Just preceding this statement the opinion cites the case of Hunt v. Acree, 28 Ala. 580, in which it was said that the contest of the validity of a will by a bill in chancery is in the nature of a proceeding in rem.

In McCann v. Ellis, supra, the question was squarely presented to this court, and it was held that such a contest was a proceeding in rem; and, when properly construed, we are of the opinion there is nothing in the language used in Deslonde v. Darrington, supra, at variance with this holding.

While the contest is in the nature of a proceeding in rem for the sole purpose of determining the status of the res, and not the rights of the parties, yet, under our statutory system, it does partake somewhat of the nature of a proceeding inter partes, as those of adverse interest are to be parties to the suit (McMaken v. McMaken, 18 Ala. 576); but, clearly, not to such an extent as to affect its binding force as a proceeding in rem. The question was squarely presented in McCann v. Ellis, supra, and we adhere thereto.

[4] Not only is the contest of the will, by bill in chancery, under the statute, a pro-

ceeding in rem, but it is one entirely of statutory creation.

[5] When the will was offered for probate in the probate court, the right of contest existed in the heirs. But they were under no duty to exercise the right in that court, and have preferred to contest the will in a court of equity, as provided by the statute. This statutory provision has been defined, not as primarily a limitation, but as an extension of the time of contest; so that one interested, who did not enter into a contest in the probate court, may do so in the chancery court within the period of time there stipulated.

[6] The statute merely confers upon a court of equity the jurisdiction of the probate court as to the contest of a will, and that court therefore, in such a proceeding—in the exercise of this special statutory power—exercises a limited jurisdiction. McEvoy v. Leonard, 89 Ala. 455, 8 South. 40; Cox v. Johnson, 80 Ala. 22.

In speaking of such a contest, in McCann v. Ellis, supra, it was said:

"The only question really adjudicated, or that could or should have been adjudicated, was the question: 'Will or no will.' This was determined in the negative. The court, however, went, or attempted to go, further, and limited this status only to the rights of complainant. This the court could not do, because it was not within the issues raised by the pleadings. It probably could not have been done, had it been so attempted; but it was not so attempted. So much of the decree as attempted to limit or confine the status of the res to the rights of the complainant alone was wholly gratuitous and unavailing."

In the same case, the following definition of a judgment in rem, taken from Martin v. King, 72 Ala. 360, is found:

"A judgment in rem has, among many other definitions, been said to be 'an adjudication upon the status of some particular subject-matter by a tribunal having competent authority for that purpose,' or, in other words, 'a solemn declaration, proceeding from an accredited quarter, concerning the status of the thing adjudicated upon, which very declaration operates accordingly upon the status of the thing adjudicated upon, and, ipso facto, renders it such as it is thereby declared to be.'"

[7] It therefore appears from the foregoing authorities that the contest of the will, by a bill in equity, was in the nature of a proceeding in rem, and as such the only question presented was the determination of the status of the res, and in no manner involved the rights of the parties. Such a contest is but an extension of the time for contest, and is solely of statutory creation.

In the McCann Case, supra, it was held that the only issue properly presented in cases of that character is the issue, "Will or no will"—the determination of the status of the res.

A somewhat analogous situation to that here presented is found in McEvoy v. Leonard, supra. While the questions presented in the two cases are not entirely the same, yet some of them were to a degree suggested by the record, and there is a very strong intimation by the court that the contest of the will should first be determined, before any other questions are presented for consideration. The court, speaking through Chief Justice Stone, said:

"We are tempted to inquire if the validity vel non of Mrs. Leonard's will should not be first determined, before any other questions sought to be presented are brought before the court."

It will therefore be seen there is in fact not here presented the question of multifariousness, but more a question of multiplicity of proceedings; and we have reached the conclusion that in a bill to contest a will, under the statute—being in the nature of a proceeding in rem to determine the status of the res, and not the rights of the parties, and of purely statutory creation—the issues are confined to the question of "will or no will," and therefore to the determination of the status of the res and matters pertaining thereto, and is not to be extended to questions concerning the rights of the parties.

We therefore conclude that such other collateral matters, as those here presented, concerning the execution of a deed at one time and a bill of sale as to personal property at another, presented wholly immaterial and impertinent issues, and were therefore properly stricken upon motion of respondent.

It results from this conclusion that the writ will be denied.

Writ denied.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, and THOMAS, JJ., concur.

SAYRE, J. (dissenting). The bill, a copy of which the reporter will set out, shows that a will and a deed, both executed by Duncan C. Walter, deceased, stand in the way of complainants' inheritance from the deceased, and the averment of the bill—to state it generally—is that both the will and the deed were procured by the fraud of the devisee and grantee, the defendant in the bill. The will and the deed undertake to dispose of the same property, and it is not questioned that the bill avers fraud as to both with sufficient particularity. No one will deny that, if these averments shall be proved, complainants in the bill should have relief against both the will and the deed.

The circuit court, sitting in equity to hear defendant's motion "to strike all the allegations of the bill in this case in reference to the execution of a deed by the deceased to J. B. Walter [the defendant in that cause] on the ground that it has nothing to do with the bill to contest the will and is imperti-

nent," granted the motion, whereupon complainants in that cause came to this court for a writ of mandamus to correct that ruling.

The will in question had been probated in a proceeding to which petitioners here, complainants in the circuit court, were not parties. But under section 6207 of the Code petitioners had the right to contest the validity of the same by bill in chancery. In the opinion with which the decree in the circuit court was prefaced, authorities were cited to show that the contest of a will in chancery is a proceeding in rem, and the gist of what further was said is to be found in the following language, which we quote:

"If the equity of the bill is to rest upon the theory of a fraudulent conveyance, to maintain the bill the judgment of probate must be collaterally attacked inter partes. If, however, the jurisdiction of the court attached upon the contest of the probate in a proceeding in rem, the rights of the parties upon distribution inter partes are utterly foreign to the contest"

—whereby it was intended, as we infer, to pronounce sentence of multifariousness against the bill.

But I do not think the two matters were perfectly distinct and unconnected, to use the expression of Judge Story in defining multifariousness (1 Dan. Ch. Pl. 334, note), and the language of this court (Chapman v. Chunn, 5 Ala. 397) ; but, without regard to that, the question of multifariousness was not raised, for there was no demurrer, and the statute, section 3095 of the Code, provides that, "unless taken by demurrer, objection to a bill because of multifariousness must not be entertained." And so the judgment in the circuit court seems to be based upon the consideration that by his motion to strike the defendant was "conceding the jurisdiction to contest the will." But it is not conceivable that the defendant in a bill in equity should be allowed at discretion to dictate the frame of complainant's bill or the order in which he must present the different issues his cause may involve. It is not conceivable that defendant, by his motion to strike, should have had the power to confine complainants to an exclusive election to proceed with their contest of the will or their attack upon the validity of the deed. Therefore this court has sought a different ground for its opinion.

In the prevailing opinion it is said that—

"The bill is clearly one having for its primary purpose the contest of the will, and this, we think, necessarily follows from the consideration of its frame and character; and from the further fact, it appears upon its face the complainants in that bill are entitled to no relief whatever as to the deed and bill of sale, so long as the probate of the will remains undisturbed. The will has been duly admitted to probate, and its probate was a proceeding in rem, binding and conclusive upon the world un-

til set aside as provided by law. Such being the case, therefore, the bill shows upon its face that the complainants are entirely without interest as to the deed and bill of sale, unless the bill to contest the probate of the will is successfully terminated. Their interest as to the deed and bill of sale is entirely contingent upon the result as to the contest of the will. The bill is clearly filed primarily to contest the will of Duncan C. Walter, deceased, in a court of equity, as provided by section 6207 of the Code of 1907."

The opinion then cites authorities to establish the fact that the contest of the probate of a will is a proceeding in rem, and concludes that—

"As such the only question presented [by the bill in equity] was the determination of the status of the res, and in no manner involved the rights of the parties."

If it be true that the decree to be rendered on the bill in equity will in no manner involve the rights of the parties, any discussion of the bill is futile. But I cannot look upon that proposition very seriously. It appears to have been stated as a proper conclusion from authorities which hold that the contest of a will which has been probated is a proceeding in rem. I am not disposed to take issue as to that, though I think good reason can be assigned for saying that the contest of a will in equity is not strictly and exclusively a proceeding in rem. At least I can quote from Brickell, C. J., in Kumpe v. Coons, 63 Ala. 448, as follows:

"An original proceeding in the court of probate, for the probate of a will, is a proceeding in rem. The purpose is to ascertain the status of the estate of the decedent, and the condition in which he died, whether testate or intestate. It does not assume the form, and is not a suit inter partes, until the heirs or distributees intervene in the mode prescribed by the statute. Allen v. Prater, 35 Ala. 169; Clemens v. Patterson, 38 Ala. 721; Leslie v. Sims, 39 Ala. 161. The character of the suit is not changed, if there is no contest in the court of probate, and the heir at law, or next of kin, resort to the statutory remedy by bill in chancery. That remedy stands in the place of, and is the substitute for, proof of the will in solemn form as practiced in the ecclesiastical courts; or, if the will is of real estate, the action of ejectment at common law. Johnston v. Glasscock, 2 Ala. 236. In either proceeding—the contests in the court of probate, or by bill in a court of equity—the parties claiming under the will are in fact the actors, bound to support it affirmatively, while the heir, or next of kin, is in the relation of a defendant. Johnston v. Glasscock, supra. In either court, the controversy is between living parties."

And in Dickey v. Vann, 81 Ala. 425, 8 South. 195, Somerville, J., summed up the authorities as follows:

"The probate of a will has often been held by this court to be in the nature of a proceeding in rem—operating upon the thing itself

and determining its status. Being an adjudication upon the status of the particular subject-matter, like other judgments in rem, when pronounced by a tribunal of competent jurisdiction, it is binding upon all other courts, and, as commonly said, concludes the world. It is only when there is an intervention of parties litigant, and an actual contest ensues, that it assumes the nature of a proceeding inter partes. Deslonde v. Darrington, 29 Ala. 92; Kumpe v. Coons, 63 Ala. 448; Martin v. King, 72 Ala. 354; Blakey v. Blakey, 33 Ala. 611; Freeman on Judg. § 608; 1 Greenl. on Ev. § 550; Estoppel and Res Adjudicata (Herman) vol. 1, § 293."

But let it be conceded that the decree in a proceeding to probate a will or in the contest of a will in equity is' a decree in rem, that is, that, as·long as it stands, it is conclusive against the whole world—and that concession I may safely make—still the statute provides for a proceeding with parties plaintiff and defendant in the probate court, the character of the proceeding is not changed when resort is had to the equity court, and when parties come forward and join in a contest in either court the proceeding, as to them, becomes a proceeding inter partes. Knox v. Paull, 95 Ala. 507, 11 South. 156. Now the argument of the opinion is this: That because the probate of a will is a proceeding in rem, binding upon the whole world until set aside as provided by law, therefore the bill in this cause shows upon its face that the complainants are without interest as.to the deed unless and until the contest of the probate of the will is successfully terminated. But the making of a deed is a proceeding in rem, and why would it not be altogether as logical in form and as sound in principle to say that the deed until set aside as provided by law is binding upon the whole world; therefore, the bill in this cause shows on its face that complainants are without interest in the will unless and until the.deed has been set aside. And why not thus establish the fact that, clearly, the primary purpose of the bill is to contest the validity of the deed? Truth is, the inquiry as to the extent to which the probate of a will is a proceeding in rem is wholly beside the issue in this cause. The only possible question is one of convenience and judicial policy. It is whether the contest of the will and the deed should be permitted to go on in one proceeding in a court which delights to do justice and not by halves, or whether two bills directed to one common end, i. e. the establishment of complainants' heirship in certain property, notwithstanding the will and the deed, should be required.

In McEvoy v. Leonard, 89 Ala. 455, 8 South. 40, Chief Justice Stone said:

"We are tempted to inquire if the validity vel non of Mrs. Leonard's will should not be first determined, before any other questions sought to be presented are brought before the court."

And this language is quoted, apparently as lending color to the proposition that the contest of the will in this case should be determined before any other question is presented for consideration, and therefore, I presume, that the contest of the will is the primary purpose of the bill. The quoted language has not been appraised in the opinion as its author appraised it, for he said, speaking of that and other inquiries:

"These inquiries are suggested by the questions the bill in its present shape seeks to raise, and are in no sense to be considered as anything more than suggestions, inviting investigation."

Moreover, I am confident that a reading of the facts in that case, which are too complicated for repetition here, can produce upon the open mind but one impression, namely, that there is no analogy whatever between that case and this.

And so language is quoted from McCann v. Ellis, 172 Ala. 60, 55 South. 303, an action of ejectment, to show that in a bill to contest a probated will the only question that should or can be adjudicated is the question, "Will or no will." The opinion in that case, like the opinion in every other case, takes meaning from the facts under consideration. It was there held, on facts appropriately inviting the decision, that on the contest of a will in equity the decree could not correctly pronounce the instrument in contest a will as to some of the heirs or devisees but no will as to others. The case bears no resemblance, not the remotest, to the case now before us. All it proves is that language used with reference to a given state of facts may be wrested from its intended use and meaning to serve a purpose to which its mutilated form accidently lends itself.

Again, it is said that in the contest of a will equity exercises a special statutory power, a limited jurisdiction. No connection between this proposition and the conclusion reached is stated, and I fail to see any. Equity delights to do justice, and not by halves. In pursuance of this policy, it frequently exercises jurisdiction of controversies purely legal. What difference does it make that its jurisdiction is special and limited? Its equitable powers are unlimited and its power to dispose of the contest of a will· is adequate.

Finally, it ·is said that the question of multifariousness is not presented, but rather a question of multiplicity of proceedings, and one form of the conclusion reached seems to be that multiplicity of proceedings is not allowable. The majority opinion, as I understand it, holds that the bill in equity was bad because with the contest of the will it joined the unrelated matter of the fraudulent deed. In our practice this is considered

to be multifariousness. Singer v. Singer, 165 Ala. 145, 51 South. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102; Colburn v. Broughton, 9 Ala. 351. If it is anything else, I find in the books no statement of what it is. But it is the general rule in courts of equity, and is the rule of this court, that a bill is not multifarious which unites several matters distinct in themselves, but which together make up the complainants' equity and are necessary to complete relief. 1 Daniell, Ch. Pl. 339, note 1; Stone v. Knickerbocker Life Ins. Co., 52 Ala. 589; Wimberly v. Montgomery Fertilizer Co., 132 Ala. 107, 31 South. 524. And aside from that, as I have already pointed out, no objection was taken to the bill for multifariousness as the statute requires.

As I have stated, my opinion is that the only question involved is whether complainants should be allowed to proceed in one bill to reach the right they claim, or whether they should be required to file two bills. All considerations. seem to me to .indicate the adoption of the first-mentioned alternative.

It is conceded that mandamus is the proper remedy, if the trial court erred in striking the averment as to the deed, and in my judgment the writ should be awarded.

SOMERVILLE, J., concurs in the foregoing.